FRANK, Judge.
James Morgan appeals from the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Morgan entered a plea of no contest to charges of first degree murder and robbery. He was sentenced to life and a concurrent fifteen year term. He now claims not to have been made aware that the murder sentence required a mandatory twenty-five year minimum prison term.* If Morgan’s assertion is correct, he may be entitled to withdraw his plea. See, e.g., Perez v. State, 449 So.2d 407 (Fla. 2d DCA 1984). In response to the motion the trial court attached the transcript of a plea colloquy and a rights waiver form signed by Morgan. The specific allegations of Morgan’s motion are not refuted by the attachments. Although the transcript and waiver form mention the minimum mandatory sentence, we do not find any indication that that sentence was explained to Morgan. Instead, it appears from the transcript and the waiver form that they relate to another, separate set of non-capital felony charges to which Morgan entered a plea for a guidelines sentence to run consecutively with the life sentence.
The remaining issues presented in Morgan’s motion are without merit, i.e., separate sentences for first degree felony murder and the underlying felony do not violate the constitutional proscription against double jeopardy, State v. Chapin, 486 So.2d 566 (Fia.1986), and his claim of ineffective assistance of counsel is facially deficient. We hold that the trial court properly denied relief on both these grounds.
Upon remand the trial court is directed to reexamine the files and records in this matter to ascertain whether they demonstrate that Morgan was informed he would be required to serve no less than twenty-five years as a part of his life sentence. If the records so indicate the court may again deny the motion, attaching whatever documentation it relies upon in reaching that conclusion. Otherwise the court is to conduct an evidentiary hearing on this one issue. If the court again denies the motion Morgan must file a notice of appeal within thirty days to obtain further appellate review.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and LEHAN, J., concur.

 §§ 775.082(1), 782.04(1), Fla.Stat. (1985).