559 So.2d 733 (1990)
Donnell WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00891.
District Court of Appeal of Florida, Second District.
April 18, 1990.
*734 PER CURIAM.
Donnell Wilson appeals the denial of his motion for postconviction relief. We reverse for further proceedings with regard to one issue presented in the motion.
Wilson, who is serving a sentence of twenty-seven years in prison followed by thirty years probation, alleges that he entered his plea of guilty with the understanding he would receive a sentence of no more than four and one-half years (and without consecutive probation) and that certain charges would be dropped. If true, Wilson could have adequate grounds to withdraw his plea. See, e.g., McLendon v. State, 502 So.2d 101 (Fla. 2d DCA 1987).
The exhibits attached to the trial court's order fail to refute the claim that Wilson's plea was entered without an adequate understanding of the possible consequences. First, there is a written plea agreement form signed by Wilson which indicates no promises or threats "[o]ther than the prior plea negotiations entered into by your attorney, the State Attorney's Office, and the court," but which does not specify the substance of any such negotiations. Second, the court provided a transcript of a July 1989 hearing at which defense counsel indicated Wilson would enter "an open plea." Wilson does not appear to have been present during these discussions. Finally, the court appears to have conducted a hearing on the motion itself, again without Wilson present. Defense counsel's statements at this hearing suggest, but do not unequivocally establish, that the more lenient sentence was a possibility rather than an outright promise. The record does not contain a plea colloquy.
After remand the trial court should re-examine the files and records to determine whether anything therein conclusively demonstrates that Wilson was made aware he could receive the harsher sentence. If not, an evidentiary hearing may be necessary to establish just what Wilson was told and what he understood. If this is the alternative chosen by the court, it is probably advisable for Wilson to be present. Cf. Cintron v. State, 508 So.2d 1315 (Fla. 2d DCA 1987) (where facts are disputed, those adverse to defendant should be subject to confrontation).
The remaining issues presented by Wilson's motion are without merit and the trial court properly denied relief on those grounds.
Reversed.
DANAHY, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.