593 So.2d 1216 (1992)
Prezell WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02589.
District Court of Appeal of Florida, Second District.
February 21, 1992.
*1217 PER CURIAM.
Prezell Wilson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Although the motion is not artfully written, it appears Mr. Wilson alleges that his guilty plea was involuntarily given because his counsel told him that he would receive a five-year sentence when, in fact, he was sentenced to ten years' imprisonment as a habitual felony offender. Mr. Wilson alleges he did not know that he had been sentenced as a habitual felony offender until he was in prison. If this allegation is true, then Mr. Wilson may be entitled to relief. See Wilson v. State, 559 So.2d 733 (Fla. 2d DCA 1990); McLendon v. State, 502 So.2d 101 (Fla. 2d DCA 1987). The trial judge, however, failed to attach to his order any portion of the files or record to refute Mr. Wilson's allegation.
Accordingly, we reverse the order denying Mr. Wilson's motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Mr. Wilson is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Mr. Wilson's allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
RYDER, A.C.J., and DANAHY and ALTENBERND, JJ., concur.