PER CURIAM.
John Colon appeals his conviction and sentence for armed burglary and other offenses. We agree that the trial court erred when, immediately prior to sentencing, it refused to allow Colon to withdraw his plea of guilty.
Because a firearm was involved in these offenses, the trial court was required to impose a three-year minimum mandatory sentence. § 775.087(2)(a), Fla.Stat. (1991). Florida Rule of Criminal Procedure 3.172(e)(1) provides that the court, when accepting a plea, “shall determine that [the defendant] understands ... the mandatory minimum penalty provided by law, if any.” Failure to warn about such consequences can render the plea involuntary. See, e.g., Morgan v. State, 513 So.2d 774 (Fla. 2d DCA 1987).
When appearing at sentencing Colon indicated he had not understood that the three-year minimum would have to be imposed. In fact the record before us contains no evidence of compliance with rule 3.172. Although Colon signed a written plea form, it does not mention any mandatory sentence. The court did discuss the applicability of section ■ 775.087 with defense counsel, but there is no evidence Colon (who appears to have relied upon an interpreter) was addressed personally. Cf. Wilson v. State, 559 So.2d 733 (Fla. 2d DCA 1990).
Accordingly, this case must be reversed for further proceedings. Unless it can be established from the record that Colon personally acknowledged he was subject to the provisions of section 775.087, the trial court should permit him to withdraw his plea if he still desires to do so.
Reversed.
RYDER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.