PER CURIAM.
Patrick Johnson seeks relief from the trial court’s denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court’s denial of relief on grounds two, three and four of the motion, ie., that counsel was ineffective for failing to conduct an investigation based on insanity, for failing to move to suppress all confessions, and for failing to defend and request a jury instruction on voluntary intoxication. We reverse and remand for further proceedings on Johnson’s claim that his guilty pleas were coerced by counsel and based on counsel’s erroneous understanding of the law.
Johnson pleaded guilty to, inter aha, two counts of first-degree murder.[1] He was sentenced to life imprisonment with a twenty-five year minimum mandatory on each count with the sentences to run consecutively. This court affirmed the judgments and sentences in Johnson v. State, 626 So.2d 1375 (Fla. 2d DCA 1993). An amended motion for postconviction relief was filed on August 16, 1994, and denied on June 20, 1995. This timely appeal followed.
Johnson claims trial counsel coerced him into pleading guilty to the murder charges by insisting he had no viable defense and asserting he would die in the electric chair if convicted at trial. As a component of this argument he also says counsel was ineffective for failing to recognize his viable defense that as the driver/lookout during an attempt to locate and steal another vehicle, he could not be given the death penalty under En-mund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). Johnson has sufficiently pled ineffective assistance as it relates to the Hyde Park murder only.[2] Richardson v. State, 617 So.2d 801 (Fla. 2d DCA 1993). Since the portions of the record attached to the order denying relief do not conclusively refute these allegations, we reverse the denial of relief on this claim and remand to the trial court for further proceedings. Wilson v. State, 593 So.2d 1216 (Fla. 2d DCA 1992). On remand, the trial court may again deny relief by attaching sufficient record to refute the claim or the court must conduct an evidentiary hearing. Townsend v. State, 604 So.2d 885 (Fla. 2d DCA 1992).
Affirmed in part, reversed and remanded in part.
DANAHY, A.C.J., and LAZZARA and QUINCE, JJ., concur.

. In addition to the pleas on the murder cases, Johnson went to trial and was convicted of numerous other offenses including two counts of attempted first-degree murder with a firearm, twenty counts of robbery with a firearm, five counts of attempted robbery with a firearm, four counts of grand theft of a motor vehicle, and one count of shooting into a building. The guidelines recommended sentence on the other offenses was life with a permitted sentence of twenty-seven years to life.

. Although Johnson makes this argument on both cases, the attachments included with the trial court's order denying relief conclusive refute the allegations as they relate to the Best Western murder. Although Johnson claims he injured his knee and never went into the motel, he, at the very least, retrieved the gun, put on a mask, and started to go into the motel. Additionally, at the hearing on the motion to suppress, one of the police officers testified that Johnson confessed to shooting the Best Western victim.