CAMPBELL, Judge.
Appellant challenges the denial of his rule 3.850 postconvietion petition, which was entered following an evidentiary hearing. Appellant argued that he did not enter a knowing and voluntary plea because his trial counsel failed to adequately inform him of the possible penalties of habitual violent felony offender sentencing. Appellant also contended that his trial counsel failed to introduce a psychologist to testify regarding appellant’s alcohol problem. Based on the transcript of the postconvietion hearing, we conclude that the court erred in denying appellant’s postconvietion petition. We reverse.
At the postconvietion hearing, appellant’s postconvietion counsel relied on Grounds Three, Four and Five to argue that appellant had been denied due process and that his plea was not freely and voluntarily entered. Ground Three alleged that neither the trial court nor appellant’s trial counsel had advised appellant of the consequences of a habitual violent felony offender sentence. Ground Four alleged that appellant’s trial counsel had failed to call expert witnesses regarding appellant’s severe alcohol problem, and Ground Five alleged that the court had failed to determine if appellant’s plea was entered freely and voluntarily with an understanding of the consequences of habitual violent felony offender sentencing.
In addressing the allegation that neither the court nor trial counsel had properly advised appellant of the consequences of a habitual violent felony offender sentence, appellant’s trial counsel testified that appellant was not informed in open court at the October 23, 1991, plea hearing that the habitual violent felony offender sentence that appellant had pleaded to required a ten-year minimum mandatory term. He said that while it would normally be his practice to so inform his client, he could not recall any specific conversation with appellant in which the ten-year minimum mandatory term was discussed. While trial counsel did not have his trial file with him because the public defender’s office had disposed of it, he said that he certainly would have told appellant about the maximum sentence and would “probably” have told appellant about the minimum mandatory term.
As to the allegation that trial counsel had not called a psychologist to testify, appellant’s trial counsel testified that he specifical *592 ly recalled a psychologist testifying. In fact, the record reveals that a psychologist did testify on November 27,1991; and a psychologist and a DACCO counselor testified on December 4,1991.
Although the trial court concluded that “the defendant was informed of what his sentence would be if sentenced as a habitual violent offender,” the court’s support for that conclusion is the following colloquy taken from the transcript of the plea hearing:
THE COURT: Okay. And I have discussed with him at the time of entering his plea the effect of the Habitualization Notice?
[Trial Counsel]: Correct, Judge.
This exchange does not support a conclusion that appellant was informed of the ten-year minimum mandatory term. Since neither the original plea nor the original plea transcript are contained in the instant record, this court has no way of verifying that appellant was actually informed of the minimum mandatory term. This was error under Saliga v. State, 632 So.2d 715 (Fla. 2d DCA 1994), and is a valid ground to allow appellant to withdraw his plea as to those charges for which a minimum mandatory term was imposed. See also Colon v. State, 619 So.2d 34 (Fla. 2d DCA 1993); Fla. R.Cr. P. 3.172(c)(1).
Accordingly, we remand to allow appellant to withdraw his plea.
PARKER, C.J., and QUINCE, J., Concur.