566 So.2d 358 (1990)
Larry BATEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1080.
District Court of Appeal of Florida, Fourth District.
September 5, 1990.
*359 Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Tallahassee, for appellee.
STONE, Judge.
We affirm appellant's conviction for sale of cocaine, and his sentence as a habitual offender. Appellant first asserts that the trial court erred by conducting an inadequate hearing on his disclosure that the state had not furnished a copy of a photograph to the defense. The photograph showed a woman standing near the defendant at the time of the sale to an undercover officer. Appellant argues that this constitutes a discovery violation and deprived him of due process. See Richardson v. State, 246 So.2d 771 (Fla. 1971); Raffone v. State, 483 So.2d 761 (Fla. 4th DCA), dismissed, 491 So.2d 281 (1986). See also Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
However, the record reflects no intention or attempt by the state to introduce or use the photograph. Further, the defendant knew pictures were taken, knew the identity of the woman, and never requested copies of the photographs. The state's discovery response did advise the defense that there were photographs. There is no contention of willful misconduct by the state and there is no indication that the content of the picture was exculpatory. The hearing conducted was adequate, and the record reveals no abuse of discretion.
Appellant also asserts that his sentence as a habitual offender is an invalid departure from the guidelines. See Winters v. State, 522 So.2d 816 (Fla. 1988); Whitehead v. State, 498 So.2d 863 (Fla. 1986). However, a habitual offender sentence in excess of the guidelines, even in the absence of stated reasons for departure, is now valid. The amendment to section 775.084(4)(e), Florida Statutes, effective October 1988, supersedes Whitehead v. State. This statute removes habitual offender sentences from the sentencing guidelines. See Owens v. State, 560 So.2d 1260 (Fla. 1st DCA 1990); State v. Davis, 559 So.2d 1279 (Fla. 2d DCA 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. denied, 564 So.2d 1086 (1990). Therefore, the judgment and sentence are affirmed.
ANSTEAD and GARRETT, JJ., concur.