BARKDULL, Judge.
By this consolidated appeal defendant seeks review of the trial court’s summary denial of a Rule 3.800 motion to correct an illegal sentence, and seeks to correct his judgment and sentence to reflect that he plead nolo contendere to a violation of section 784.021, Florida Statutes, rather than a violation of section 784.07, Florida Statutes, as reflected in the final judgment.
Upon confession of error by the state we return this case to the trial court with directions to correct defendant’s judgment to reflect that defendant plead nolo contendere to a violation of section 784.021, Florida Statutes, rather than a violation of section 784.07, Florida Statutes.
Although defendant has apparently abandoned, by failing to raise any legal argument, his appeal of the trial court’s denial of his Rule 3.800 motion, we address same on the grounds that this court may, sua sponte, address error obvious on the face of the record. See Stites v. State, 570 So.2d 1113 (Fla. 5th DCA 1990); Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981).
On March 22, 1994, the trial court sentenced defendant in two cases, PK93-353-CF-A and PK-94 — 44-CF-A. The sentences imposed on defendant were based upon separate scoresheets. The trial court erred in utilizing separate scoresheets when sentencing defendant in these cases. See Fla.R.Crim.P. 3.701(d)(1); Clark v. State, 572 So.2d 1387 (Fla.1991); Render v. State; 516 So.2d 1085 (Fla. 2d DCA 1987). On remand the trial court shall sentence defendant using the appropriate guideline scoresheet.
Reversed and remanded for further proceedings consistent herewith.