664 So.2d 4 (1995)
Omega ALLEN, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 94-2873, 94-2882.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Order Denying Rehearing October 18, 1995.
*5 Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Doquyen T. Nguyen, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
This is an appeal by the defendant Omega Allen from an order revoking probation and judgments of conviction and sentences which were entered below upon a negotiated guilty plea for (1) unlawful possession of cocaine [in a violation of probation case; KW93-312-CF]; and (2) unlawful sale of cocaine [KW94-964-CF], a substantive offense committed while the defendant was on probation  for which the defendant was to receive a sentencing guidelines sentence. Contrary to the defendant's point on appeal, the defendant did receive a proper guidelines sentence in accord with the negotiated plea, namely, (1) four and one-half years imprisonment for unlawful possession of cocaine in the violation of probation case, utilizing a 1993 sentencing guidelines scoresheet; and (2) a consecutive term of one year of community control, followed by two years of drug offender probation, for unlawful sale of cocaine in the substantive offense case, utilizing a 1994 sentencing guidelines scoresheet. We, accordingly, affirm.
We recognize that ordinarily a single sentencing guidelines scoresheet must be utilized for all offenses pending before the trial court for sentencing, Fla.R.Crim.P. 3.701(d); a single such scoresheet, however, was statutorily prohibited in this case. The offense involved in the violation of probation case [KW93-312-CF] was a non-capital felony committed in 1993, and, accordingly, the 1983 guidelines, as amended, were applicable to this offense under Section 921.001(4)(b)(1), Florida Statutes (Supp. 1994) ("The guidelines enacted effective October 1, 1983, apply to all felonies, except capital felonies, committed on or after October 1, 1983, and before January 1, 1994"); the guidelines scoresheet in effect in 1993 therefore had to be utilized for this offense. On the other hand, the offense involved in the substantive offense case [KW94-964-CF] was a non-capital felony committed in 1994, and, accordingly, the 1994 sentencing guidelines were applicable to this offense under Section 921.001(4)(b)(2), Florida Statutes (Supp. 1994) ("The 1994 guidelines apply to sentencing for all felonies, except capital felonies, committed on or after January 1, 1994"); the guidelines scoresheet in effect in 1994, therefore, had to be utilized for this offense. Wood v. State, 655 So.2d 212 (Fla. 5th DCA 1995); cf. Doyle v. State, 644 So.2d 1041 (Fla. 3d DCA 1994).
The defendant relies on Section 921.001(4)(b)(2), Florida Statutes (1993), which provides that a defendant has the option to elect whether to be sentenced under the 1983 or the 1994 sentencing guidelines for an offense committed on or after January 1, 1994; the defendant argues that he was never given the option to elect which such guidelines he should be sentenced under, and, accordingly, it was error to use a separate 1993 guidelines scoresheet for the substantive offense committed in 1993. We disagree because the statute on which the defendant relies was deleted in favor of the current statute on November 24, 1993, Ch. 93-417, § 1, at 223, Laws of Fla. (1993), before the 1994 guidelines went into effect on January 1, 1994.
Affirmed.

ON REHEARING
We deny the defendant's motion for rehearing based on a holding that Doyle v. State, 644 So.2d 1041 (Fla. 3d DCA 1994) is not in conflict with our decision in the instant case. Aside from the fact that the Doyle opinion is silent as to when the offenses involved in that case were committed, it is clear, in any event, that no argument was presented in that case that a single guidelines scoresheet was, in effect, statutorily prohibited for a series of offenses committed under both the 1983 and 1994 sentencing *6 guidelines, § 921.001(4)(b)(1)-(2), Fla. Stat. (Supp. 1994)  an argument which the state makes in this case and this court accepts.