675 So.2d 984 (1996)
Brian TOOLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-730.
District Court of Appeal of Florida, Fifth District.
May 31, 1996.
Rehearing Denied July 3, 1996.
*985 Thomas E. Cushman, St. Augustine, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Tooley appeals from convictions and sentences for attempted first degree murder,[1] armed kidnapping,[2] attempted sexual battery[3] and conspiracy to commit first degree murder.[4]
Tooley argues and the state concedes it was error to sentence him to a mandatory minimum sentence for conspiracy. White v. State, 657 So.2d 1223 (Fla. 5th DCA 1995); Kennedy v. State, 564 So.2d 1127 (Fla. 1st DCA 1990). Accordingly, we vacate that portion of the sentence. Tooley's remaining arguments lack merit. We affirm.
Tooley contends that the trial court should have dismissed the attempted sexual battery charge because he voluntarily desisted from the completion of the act. The facts show that Tooley beat the female victim into unconsciousness and then decided not to rape her after having kidnapped her, tied her and threatened her with a gun. Those acts were all done with the announced and obvious intent to rape her. See Roundtree v. State, 43 So.2d 12 (Fla.1949) (appellant properly convicted of assault with intent to commit rape even though he abandoned his purpose before intercourse was effected where he attacked woman golfer in secluded place, threw her to ground, threatened to kill her if she screamed and placed his body on hers). See also Bush v. State, 526 So.2d 992 (Fla. 4th DCA 1988) (mere fact that victim did not die while defendant choked her is not a defense to attempted first degree murder).
Tooley also suggests that he should have been permitted to elect sentencing under the 1994 guidelines, pursuant to section 921.001, as amended in June of 1993:
The 1994 guidelines apply to sentencing for all felonies, except capital felonies, committed *986 on or after January 1, 1994, and to sentencing for all felonies, except capital felonies, committed before January 1, 1994, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the 1994 guidelines.
Tooley committed these criminal offenses in September of 1993 and was sentenced for them in 1995. However, before January 1, 1994, arrived the Legislature thought better of this election provision. In November 1993, it deleted that subsection which would have allowed a defendant who committed crimes in 1993, to elect sentencing under the 1994 guidelines.
Although the deleted subsection had a brief life of potential effectiveness (June through September of 1993), it was never applicable to any defendant because by its very provisions, no election was to be permitted until January of 1994, when the new guidelines went into effect. The deleted provision was perhaps inspired by the Legislature's desire to avoid a constitutional challenge based on the Ex Post Facto clause.[5] But its deletion poses no problem because those defendants who committed crimes in 1993 are only constitutionally required to be sentenced pursuant to the law applicable at the time the crimes were committed.
Pursuant to the Ex Post Facto constitutional provisions, the Legislature cannot enact a law which imposes a punishment for an act which was not punishable at the time it was committed nor can it impose additional or greater punishment than that then prescribed. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). This prohibition assures that individuals have fair warning of the result of their acts, and allows them to rely on the law in effect at the time an act is done. This ban also restrains the government from taking arbitrary and potentially vindictive action against individuals. However, to constitute an Ex Post Facto law, it must be retrospective in operation. It must apply to events which occur prior to its enactment, and it must disadvantage the offender affected by it. Weaver, 450 U.S. at 28-29, 101 S.Ct. at 964.
When an act of the Legislature is repealed, it must be considered as never having existed, except as to transactions past and closed. Ex parte McCardle, 74 U.S. 506, 7 Wall. 506, 19 L.Ed. 264 (1868); Ex parte Jerry, 294 Mich. 689, 293 N.W. 909 (1940) (holding where a criminal statute is repealed, it is as if it never existed except for the purpose of proceedings previously commenced, prosecuted and concluded). Since the elective provision was abolished before it could ever have been applicable to any criminal proceeding, it evaporated and can have no lingering Ex Post Facto effect on any criminal defendant who committed crimes prior to January 1994. See United States ex rel. Brown v. LaVallee, 424 F.2d 457 (2d Cir.1970), cert. denied, 401 U.S. 942, 91 S.Ct. 946, 28 L.Ed.2d 223 (1971) (holding a portion of the New York penal code which permitted a plea of guilty to murder with the consent of the court and the district attorney, never went into effect because it was repealed before its effective date, and was replaced by the current version of the statute).
That was the result this court reached in Wood v. State, 655 So.2d 212 (Fla. 5th DCA 1995). In our original opinion, this court held that a defendant who committed crimes in 1993 was entitled to elect sentencing under the 1994 guidelines. She was being sentenced in 1994. The state, as well as defense counsel, filed motions for rehearing, pointing out that the subsection that had allowed an election of the 1994 guidelines had been deleted. We then withdrew our prior opinion, and affirmed sentencing under the guidelines in effect when the crimes were committed (1983 guidelines as amended).
Similarly, in Allen v. State, 664 So.2d 4 (Fla. 3d DCA 1995), the defendant committed one crime in 1993. The sentencing took place after January of 1994, following a violation *987 of probation. The defendant argued he was entitled to elect sentencing under the 1994 guidelines, based on the short-lived election amendment (June to November of 1993). The third district rejected that argument because "[t]he statute on which the defendant relies was deleted in favor of the current statute on November 24, 1993 (Ch. 93-417, sec. 1, at 223, Laws of Fla. (1993)), before the 1994 guidelines went into effect on January 1, 1994." Allen, 664 So.2d at 5.
The dissent in this case relies on the view that the short-lived amendment allowing an election for sentencing, did "take effect" on June 1993, and continued until repealed in November of 1993. This statute did not say, as some legislation does, that the act had no effect until a certain future date. That is a clearer way of writing such laws. But in my view, that is essentially the import of this law.
This law expressly provided that only defendants sentenced after a certain future date would have its benefit. That accomplished the same thing as a law which provides a future effective date. And since it was repealed before that future date (January 1, 1994), there was never a defendant who, according to the time-line that actually unfolded on earth, could have benefited from that election. To say that there is a class of defendants which includes Tooley, who could have benefited from it, requires the projection of a time-line which never occurred here on earth, but which perhaps, going through a time-warp in Deep Space Nine, to an alternative universe, would have happened, had the provision not been repealed before January of 1994. Only there would there be a class of defendants, who could claim its benefit.
Convictions AFFIRMED; Mandatory Minimum Sentence VACATED; REMANDED.
HARRIS, J., concur specially with opinion.
DAUKSCH, J., dissents without opinion.
HARRIS, Judge, concurring specially:
I concur with the majority opinion but I write to explain my view of the result of the 1993 sequential amendments to section 921.001(4)(b), Florida Statutes.
The issue in this case, as it relates to defendant's right to elect to be sentenced under the 1994 sentencing guidelines, depends on whether that right matured prior to the subsequent repeal of that portion of the statute granting such right in the first instance. Chapter 93-406, Laws of Florida, provides as follows:
Section 5. Effective upon this act becoming a law and applicable to sentencing for offenses committed on or after January 1, 1994, section 921.001, Florida Statutes, 1992 Supplement, is amended to read:
* * * * * *
(4)(b) ... The 1994 guidelines apply to sentencing for all felonies, except capital felonies, committed on or after January 1, 1994, and to sentencing for all felonies, except capital felonies, committed before January 1, 1994, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the 1994 guidelines. (emphasis added)
Chapter 93-406, Section 44 provides: "Except as otherwise provided herein, this act shall take effect upon becoming a law." The Governor approved the act on June 17, 1993.
After 93-406 became law but prior to January 1, 1994, the legislature again amended section 921.001, Florida Statutes, to omit the right of a defendant whose offense occurred prior to January 1, 1994 to elect to come under the 1994 guidelines.
Did the defendant in this case whose offense was committed after the effective date of Chapter 93-406 which provided for the option and before the effective date of the repealer which eliminated the option have a "vested" right to elect the 1994 guidelines? The answer is no.
Although Chapter 93-406 became "law" on June 17, 1993, by its very terms section 921.001(4)(b) was not immediately amended nor would it be so amended unless the amendatory language remained in effect as of January 1, 1994, the first date it could be applied to sentencing.
*988 Even though the option provision was officially approved on June 17, 1993, it was just as officially deleted before it ever became effective. Therefore, section 921.001(4)(b) was never legally amended to grant the option.
NOTES
[1] § 782.04, Fla.Stat. (1993); § 777.04(1), Fla. Stat. (1991).
[2] § 787.01(1)(a), Fla.Stat. (1991); § 775.087, Fla.Stat. (1993).
[3] § 794.011, Fla.Stat (Supp.1992); § 777.04(1), Fla.Stat. (1991).
[4] § 782.04, Fla.Stat. (1993); § 777.04(3), Fla. Stat. (1991).
[5] The Ex Post Facto provision of the United States Constitution provides that: "No state shall... pass any ... ex post facto Law...." U.S. Const., art. 1 § 10. Article 1, section 9 of the United States Constitution also provides that "no bill of attainer or ex post facto Law shall be passed." The Florida Constitution similarly provides that "no ... ex post facto ... law shall be passed...." Art. 1, § 10, Fla. Const.