679 So.2d 819 (1996)
George STUDNICKA, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1507.
District Court of Appeal of Florida, Third District.
August 14, 1996.
*820 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before BARKDULL, NESBITT, and COPE, JJ.
PER CURIAM.
George Studnicka appeals his conviction and sentence for grand theft. We affirm in part and reverse in part.
On January 20, 1988, Studnicka was charged with first-degree murder, conspiracy to commit murder, possession of a firearm in the commission of a felony, and grand theft for certain property taken between February 12, 1983 and May 22, 1983. The arrest warrant was served February 25, 1988. The state nolle prossed the conspiracy and possession charges. Thereafter, the defense filed a motion to dismiss the grand theft charge, based on the expiration of the statute of limitations. The prosecution argued for denial of the motion where the indictment had been filed prior to the date of expiration of the five-year limitations period. The motion was denied and the case proceeded to trial.
The jury found Studnicka guilty of grand theft. At sentencing, the state argued that Studnicka should be sentenced as a habitual offender. Studnicka stated that he elected to be sentenced under the guidelines, and the defense argued such election precluded sentencing as a habitual offender. The court sentenced Studnicka as a habitual offender and imposed a 30-year term, giving credit for time served from October 21, 1992 until May 20, 1994. At the conclusion of the sentencing hearing, the prosecutor stated that Studnicka owed $50,000 in restitution, to which the court responded in part, "In sixty days we'll do that." Notice of appeal was filed June 17, 1994. At a hearing on July 12, 1994, the court rendered a restitution order for $50,000.
The statute of limitations for the grand theft offense expired on February 19, 1988. The arrest warrant was served February 25, 1988. Studnicka argues on appeal that the state was required to establish that it had been diligent in its efforts to execute the arrest warrant in order to bring the defendant before the court prior to expiration of the limitations period. However, that point was never raised below. Rather, before the trial court, the defense's written motion alleged that the prosecution against defendant "was not commenced within four years after its commission as required by Florida law."
At the hearing on the motion, the defense argued that, assuming the applicable limitations period was five years (as the state correctly argued), the prosecution of the grand theft charge commenced at arraignment, i.e., on March 12, 1988, and not when the indictment was filed. That is, the defense merely argued that the limitations date was measured by the arraignment date, and that the arraignment date was outside the five-year limitations period. However, by statute the prosecution was commenced when the indictment was filed, "provided that the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." § 775.15(5), Fla.Stat. (1981).
The error now claimed, the reasonableness of the delay in executing the arrest warrant, was never put before the trial court. As such, that point may not be raised for the first time on appeal. See Sapp v. State, 411 So.2d 363 (Fla. 4th DCA 1982), (citing Black v. State, 367 So.2d 656 (Fla 3d DCA)), cert. denied, 378 So.2d 342 (Fla.1979) (one may not tender a position to the trial court on one ground and successfully offer a different basis for that position on appeal). The indictment was filed before the expiration of the limitations period. Hence, the information *821 was timely within the statute of limitations. Accordingly, the grand theft conviction is affirmed.
Studnicka claims that the trial judge erred when he sentenced Studnicka as a habitual offender. We disagree. Defendant committed his crimes between February and May, 1983, prior to the time that the sentencing guidelines came into existence. Under the law as it stood between February and May of 1983, the defendant could be given an ordinary parole-eligible sentence up to the legal maximum, or he could be sentenced under the version of the habitual offender statute then in force. See § 775.084 (1981). There was no issue regarding the sentencing guidelines, as they had not yet come into existence.
After the date of defendant's crimes, the legislature enacted the sentencing guidelines. Insofar as pertinent here, this was accomplished by the 1984 legislature, effective July 1, 1984. Smith v. State, 537 So.2d 982, 987 (Fla.1989).[1] Although not constitutionally required, as a matter of grace the legislature gave defendants whose crimes predated the guidelines the option to choose to be sentenced under the guidelines. When defendant was sentenced on May 20, 1994, the statute allowed him the option to choose the guidelines. § 921.001(4)(b), Fla.Stat. (Supp. 1994).[2] The question before us is the effect of that election.
Defendant argues in essence that Florida law became frozen in 1986 with the decision in Whitehead v. State, 498 So.2d 863 (Fla. 1986). Whitehead held that the habitual offender statute was subject to, and limited by, the sentencing guidelines. Id. at 864-67. Defendant argues that when he elects the guidelines, this means he is electing the guidelines as they stood in 1986when under Whitehead the guidelines imposed a cap on any habitual offender sentence.
The problem with defendant's position is that Whitehead's interpretation of the sentencing statutes was legislatively overturned in 1988 by the enactment of chapter 88-131, Laws of Florida. The decision in Whitehead, upon which the defendant relies, is no longer good law. As expressed by the Florida Supreme Court, "prior to 1988, when section 775.084, Florida Statutes (1987), was amended, habitual felony offender sentences were subject to the limitations of the sentencing guidelines." State v. Callaway, 658 So.2d 983, 987 (Fla.1995) (emphasis added; citations omitted). After 1988, the sentencing guidelines do not apply to habitual offender sentences. As stated in State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA), review dismissed 613 So.2d 5 (Fla.1992), "the legislature amended the habitual offender statute to make habitual offender sentencing independent of the sentencing guidelines." Id. at 1154 (citation omitted); see also Bateman v. State, 566 So.2d 358, 359 (Fla. 4th DCA 1990).
The Supreme Court has made it clear that in exercising the option to be sentenced under the guidelines, the court looks to the law as it exists on the date of the election. See Smith v. State, at 987; Braggs v. State, 642 So.2d 129, 133 (Fla. 3d DCA 1994). This defendant's election to be sentenced under the guidelines took place in 1994, long after the 1988 amendment. The law in 1994 was very clear that habitual offender sentencing was not subject to the guidelines.
The defendant makes an ex post facto argument in this case, but the argument does not withstand analysis. The defendant argues that we must ignore the 1988 legislative *822 enactment which exempted habitual offenders' sentences from the guidelines, because the legislature codified that amendment in the habitual offender statute itself, instead of placing that amendment in chapter 921. See ch. 88-131, § 6, Laws of Fla. That argument is without merit. The 1988 amendment stated in substance that a habitual offender sentence is not subject to the guidelines. The legislature could reasonably decide to codify that enactment either in the habitual offender statute (which is what was done) or in the sentencing guidelines, section 921.001, Florida Statutes. The legislature chose to place this statutory language in the habitual offender statute, instead of chapter 921, but the exact location of the codification makes no difference. The legislature has unequivocally said that the guidelines now cover only ordinary sentencing, not habitual offender sentencing.
There is no ex post facto problem with this analysis, because the defendant is simply exercising an option extended to him by statute to choose the guidelines in the event that the sentencing judge imposes an ordinary, not habitual offender, sentence. Under the logic of Smith v. State, applying the law existing in 1994 does not impair any vested constitutional right of the defendant, because the only vested right the defendant has is to be sentenced under the law as it stood on the date of his offenses in 1983. See Smith, 537 So.2d at 987 n. 3.
In sum, at the time of sentencing in 1994, the state of the law was that the sentencing guidelines applied only to ordinary sentences, not habitual offender sentences. Consequently, if the trial court decided to impose an ordinary sentence on this defendant, the defendant would have the option of choosing a guidelines sentence instead of a non-guidelines sentence. Under the law existing in 1994, however, the sentencing guidelines do not override a habitual offender sentence. Consequently, once the trial judge decided to proceed under the habitual offender statute, the defendant could not override that choice by invoking the guidelines.
Studnicka next claims the trial judge erroneously held a restitution hearing and ordered restitution after an appeal had been filed in the case in chief. We reject this issue on procedural grounds. The only appeal before us is the appeal of the May 20, 1994, judgment and sentence. The record does not contain a notice of appeal of the restitution order. Consequently, the propriety of the restitution order is not before us, and we have no jurisdiction to consider it.
Studnicka argues he was given credit only for part of the time he served prior to sentencing. The state concedes this point. Studnicka should have received credit for the full amount of time he served in jail prior to the date sentence was imposed. § 921.161, Fla.Stat. (1993). Accordingly, based upon the state's concession as well as our independent review of the record, we conclude that the case should be remanded for Studnicka to be credited for the full time he served in jail prior to sentencing.
The remaining issues raised by Studnicka are without merit.
Affirmed in part, reversed in part, and remanded for correction of credit for time served.
NOTES
[1] The original version of the sentencing guidelines had been enacted effective October 1, 1983, but was declared unconstitutional. Id. at 983-87.
[2] The version of section 921.001 in effect on the date of defendant's sentencing is set forth in § 921.001(4)(b), Fla.Stat. (Supp.1994), as follows:

(b)1. The guidelines enacted effective October 1, 1983, apply to all felonies, except capital felonies, committed on or after October 1, 1983, and before January 1, 1994; and to all felonies, except capital felonies and life felonies, committed before October 1, 1983, when the defendant affirmatively selects to be sentenced pursuant to such provisions.
2. The 1994 guidelines apply to sentencing for all felonies, except capital felonies, committed on or after January 1, 1994.
See generally Tooley v. State, 675 So.2d 984 (Fla. 5th DCA 1996); Allen v. State, 664 So.2d 4, 5 (Fla. 3d DCA 1995).