693 So.2d 1154 (1997)
Leroy S. JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-756.
District Court of Appeal of Florida, Third District.
May 28, 1997.
Leroy S. Jones, in pro. per.
Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
PER CURIAM.
Leroy S. Jones appeals from the denial of his motion for postconviction relief. For the following reasons, we reverse and remand for an evidentiary hearing.
In his motion, defendant argued that his trial counsel was ineffective for failing to secure the deposition of a key witness whose testimony allegedly would have corroborated his version of the incident. Although the witness appeared several times in court and was willing to testify, the trial was repeatedly continued. Defendant contends that although he repeatedly asked his attorney to ensure that the witness' testimony was memorialized, his attorney never deposed the witness. When the trial was finally held, the witness was not available.
The trial court summarily denied the defendant's motion and failed to attach any portion of the record to support its ruling. Because "the record before this court does not conclusively refute [defendant's] facially viable claim that he did not receive effective assistance of counsel at trial," Wilcox v. State, 622 So.2d 132, 133 (Fla. 3d DCA 1993), we reverse the trial court's order and remand with directions to conduct an evidentiary hearing on the above-stated claim of ineffective assistance of counsel. See Harich v. State, 484 So.2d 1239, 1240 (Fla.1986) ("Under rule 3.850 procedure, a movant is entitled to an evidentiary hearing unless the motion and record conclusively show that the movant is not entitled to relief.").
Reversed and remanded with directions.