702 So.2d 568 (1997)
Arthur SCURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03112.
District Court of Appeal of Florida, Second District.
November 19, 1997.
NORTHCUTT, Judge.
We reverse the summary denial of Arthur Scurry's motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Scurry's motion argued several grounds for relief, one of which has merit.
Scurry pleaded no contest to an escape charge, and was sentenced as a habitual felony offender to thirty years' incarceration. In his motion for postconviction relief, Scurry alleged that his attorney had provided ineffective assistance of counsel when she advised him to enter an open plea despite the fact that the State had filed a notice of intent to seek habitual offender status. Scurry recounted that his attorney had assured him that he did not qualify as a habitual felony offender because there was no intervening release from custody on his two prior convictions, and therefore the convictions were related and could not be used to habitualize him. Allegedly, the attorney then told Scurry that if he pleaded no contest he could anticipate a sentence of three years' incarceration.
If Scurry's allegations are accurate, his attorney gave him incorrect advice. In State v. Barnes, 595 So.2d 22 (Fla.1992), the Florida Supreme Court held that the convictions used to habitualize a defendant do not have to be sequential.[1] In his motion for postconviction relief, Scurry sought to withdraw his plea. He asserted that he would not have *569 entered the plea if his attorney had not misinformed him about his eligibility for habitualization and about his possible sentence.
In its order denying Scurry's motion, the trial court posited that the transcript of Scurry's plea colloquy refuted each material allegation of the motion. The court attached a transcript of the plea colloquy to its order. The transcript reflects that at the start of the proceeding Scurry's attorney advised the court that he wished to change his plea, and that the State was asking that Scurry be sentenced as a "career criminal." During the plea colloquy itself, the court informed Scurry that the maximum sentence for escape normally is fifteen years' incarceration:
But as you've got in the hand there, a notice that the State intends to have you sentenced as a career criminal. If in fact the Court sentences you as a career criminal, you are facing a maximum sentence of thirty years Florida state prison. Do you understand the maximum sentence that could be imposed?
Scurry answered in the affirmative. The court also asked Scurry whether anyone had made any promises to him to induce his plea, to which Scurry responded in the negative.
The plea colloquy documents Scurry's understanding that the State was attempting to have him declared a habitual felony offender, with a possible sentence of as much as thirty years in prison. But it does not disprove Scurry's allegation that his attorney had told him the State's endeavor would fail because his prior convictions were not sequential. In fact, our record reflects that at Scurry's subsequent sentencing hearing, his attorney unsuccessfully argued against habitualization on that ground.
Scurry's claim of ineffective assistance of counsel was facially sufficient under Davis v. State, 697 So.2d 957 (Fla. 2d DCA 1997), and the court's order and attachments of record fail to refute his claim. See State v. Leroux, 689 So.2d 235 (Fla.1996) (misrepresentation by counsel as to the length of a sentence or eligibility for gain time can be the basis for postconviction relief; defendant's negative response to question whether anything was promised him to induce plea did not conclusively refute postconviction claim based on counsel's misrepresentations regarding sentence). Accordingly, we reverse the order denying Scurry's motion for postconviction relief as to this issue only. On remand, the trial court may either hold an evidentiary hearing to address Scurry's claim or attach portions of the record that refute the claim. In all other respects the order denying the motion for postconviction relief is affirmed.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The legislature later amended the habitual offender statute to require sequential convictions as the predicate to habitualization. Ch. 93-406, § 2, Laws of Florida. Because the crime for which Scurry was convicted occurred before the amendment became effective, the amendment does not apply to his case.