PER CURIAM.
Brian Tooley appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
In his motion, Mr. Tooley alleged that he had entered a no contest plea based on defense counsel’s erroneous advice that, although he had committed his offenses in 1993, he could elect to be sentenced under the more lenient 1994 sentencing guidelines, and that if he was denied the right to elect his sentence would be reversed on direct appeal. The motion further alleged that Mr. Tooley was denied the right to elect the 1994 sentencing guidelines, he was sentenced under the 1993 sentencing guidelines, and this court affirmed his sentence. See Tooley v. State, 675 So.2d 984 (Fla. 5th DCA 1996).
These allegations of ineffective assistance of counsel are facially sufficient; therefore, summary denial of Mr. Tooley’s 3.850 motion was inappropriate. See, e.g., Scurry v. State, 702 So.2d 568 (Fla. 2d DCA 1997) (holding that defendant’s claim of ineffective assistance was facially sufficient where defendant alleged that his trial counsel erroneously assured defendant he could not be sentenced as an habitual felony offender in the absence of sequential prior convictions); Styron v. State, 693 So.2d 1144 (Fla. 1st DCA 1997) (holding that claim that defendant entered plea based on trial counsel’s misadvice that defendant’s convictions would be overturned on appeal if he entered a plea was facially sufficient).
Accordingly, we reverse the order summarily denying Mr. Tooley’s 3.850 motion and remand this matter to the trial court with instructions to either attach records which conclusively refute Mr. Tooley’s allegations or to conduct an evidentiary hearing.
REVERSED and REMANDED.
W. SHARP, PETERSON and ANTOON, JJ., concur.