COPE, J.
This is an appeal from an order summarily denying defendant-appellant’s motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We remand for an evidentiary hearing.
According to defendant’s motion, defendant was charged with participating in a hand-to-hand nighttime sale of a cocaine rock along with codefendant Lanish Johnson. In order not to disclose the identity of a confidential informant, the law enforcement officer did not make the arrest immediately, but instead returned to the area two days later. From a point of concealment, the undercover officer directed that this defendant and Johnson be arrested. Shortly after arrest, Johnson entered a guilty plea, was sentenced to time served, and was released. Defendant remained incarcerated.
Defendant says he informed his appointed counsel that he had not been present at the time of the drug sale and that Johnson would so testify. He urged his counsel to contact Johnson so he could be called as a witness. Although there was a one-year interval before the case came to trial, defense counsel did not attempt to contact Johnson until twenty days before trial. That effort was unsuccessful.
At trial, the defense was misidentification. The only witness was the law enforcement officer. Defendant was convicted as charged.
Shortly after trial, Johnson was located. He gave the Public Defender a sworn statement that this defendant did not participate in the drug transaction. He identified Henley Renard as the other person he claims participated in the transaction. According to Johnson, defendant and Re-nard were similar in physical appearance.
The Public Defender filed a motion for new trial, supported by the sworn statement. Defendant asserts, and the State has not refuted, that the trial court initially granted the motion for new trial but then denied it on the theory that defense counsel had known of the existence of the witness for a year and had not been diligent.
*56 Defendant filed this motion for postcon-viction relief, asserting that trial counsel was ineffective for failing to exercise adequate diligence to locate Johnson. The trial court denied postconviction relief, and defendant has appealed.
The defendant is entitled to an eviden-tiary hearing. Johnson, one of the two participants in the hand-to-hand drug sale, states that the co-perpetrator was Renard and that this defendant is not guilty of the charged crime. “Unless the record shows conclusively that the appellant is entitled to no relief, the order shall, be reversed and cause remanded for an evidentiary hearing.” Fla. R.App. P. 9.140(i). The record now before us does not conclusively refute defendant’s claim.
The State contends that no hearing is warranted because the officer identified the defendant at trial. But the record indicates that this was a brief night-time drug transaction, after which the officer did not make an immediate arrest. Instead, the arrest was made two days later. The claim is that this defendant and Re-nard were similar in appearance, and Johnson’s sworn statement says that this defendant did not participate in the crime.
The appellate courts have reversed the denial of postconviction relief in cases very similar to this one. See Jones v. State, 693 So.2d 1154 (Fla. 3d DCA 1997) (evidentia-ry hearing ordered on defendant’s claim “that his trial counsel was ineffective for failing to secure the deposition of a key witness whose testimony allegedly would have corroborated his version of the incident .... When the trial was finally held, the witness was not available.”); Carter v. State, 687 So.2d 1321 (Fla. 4th DCA 1997) (denial of postconviction relief reversed for evidentiary hearing or attachment of records regarding defendant’s claim that “trial counsel failed to investigate and interview three alibi witnesses”); Reid v. State, 682 So.2d 194, 195 (Fla. 4th DCA 1996) (defense was mistaken identity; order denying postconviction relief reversed for further proceedings on claim that wife and child could establish that defendant was at home when the robbery took place, but counsel never called them to the stand); Hilbert v. State, 666 So.2d 1059 (Fla. 5th DCA 1996) (evidentiary hearing ordered on affidavit of witness stating that victim had said defendant did not commit the crime of which he was convicted); see also Jones v. State, 591 So.2d 911, 916 (Fla.1991) (evidentiary hearing ordered on third-party statements that defendant’s roommate had confessed to committing the crime of which defendant was convicted).
Reversed and remanded for an eviden-tiary hearing.