767 So.2d 1260 (2000)
Eddie L. ASH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4228.
District Court of Appeal of Florida, First District.
September 21, 2000.
Eddie L. Ash, pro se, for Appellant.
Robert A. Butterworth, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of a trial court order denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, requesting postconviction relief. We reverse.
*1261 Appellant raised two claims in his motion for postconviction relief. Appellant first asserted defense counsel was ineffective in failing to call a witness that would offer crucial testimony negating his guilt. Appellant also asserted defense counsel was ineffective based on misadvice regarding the consequences of going to trial. The trial judge denied relief, determining both claims were facially insufficient. After appellant filed his notice of appeal, this Court ordered the State to file an answer brief. Although not addressed in its brief, the State apparently concedes that the claims were facially sufficient. The state responded that it was impossible to determine whether or not appellant received ineffective assistance of counsel in the absence of a record established at an evidentiary hearing on these issues, and agreed remand for evidentiary hearing was appropriate.
Appellant's first claim, that defense counsel was ineffective in failing to call a witness that would offer crucial testimony negating his guilt, is facially sufficient. Appellant set forth the substance of the testimony the witness would provide and how he was prejudiced by counsel's failure to present this testimony. It was not necessary for appellant to identify the witness. See Gaskin v. State, 737 So.2d 509 (Fla.1999); Barnes v. State, 757 So.2d 1217 (Fla. 4th DCA 2000); Zonecol v. State, 740 So.2d 55 (Fla. 3d DCA 1999); Morales v. State, 731 So.2d 91 (Fla. 4th DCA 1999).
Appellant's second claim, that defense counsel was ineffective based on misadvice regarding the consequences of going to trial, was also facially sufficient. Contrary to the state's argument below, appellant does not allege counsel failed to inform him regarding a collateral consequence. Appellant argues he was affirmatively misled as to the possible length of his sentence should he decline to accept a plea and proceed to trial. Appellant was not required to allege or prove that the trial judge would have actually accepted the plea arrangement offered by the state. See Cottle v. State, 733 So.2d 963 (Fla. 1999); Lewis v. State, 751 So.2d 715 (Fla. 5th DCA 2000); Scurry v. State, 702 So.2d 568 (Fla. 2d DCA 1997).
Accordingly, we reverse and remand for an evidentiary hearing.
REVERSED and REMANDED with directions.
BARFIELD, C.J., BOOTH and WOLF, JJ., CONCUR.