PER CURIAM.
Thomas Martin appeals the trial court’s denial of his petition for writ of habeas corpus filed pursuant to Florida Rule of Criminal Procedure 3.850(h). We reverse and remand for an evidentiary hearing.
In his petition, Martin claims that he hired counsel for the purpose of filing a motion for postconviction relief pursuant to rule 3.850 and that she failed to do so. Attached to Martin’s petition is a letter from his attorney in which she responds to Martin after receiving a copy of a complaint Martin filed with the Florida Bar. The trial court correctly concluded that based on the contents, of the attorney’s letter combined with the allegations in Martin’s petition “there appears to be an evidentiary issue as to whether [counsel] was in fact retained to file a 3.850 motion.”
However, instead of ordering an eviden-tiary hearing, the trial court concluded “the need for a hearing is obviated” because “this court has already addressed the issues to be raised.” The trial court then undertook to address the issues yet again “in the interests of at last resolving this matter.” In its order, the trial court purports to identify the issues that Martin seeks to raise in his potential rule 3.850 as being related to gain-time, based on references to “volumes of writing” and motions that appear in the trial court record that are neither attached to the trial court’s order nor included in the record on appeal. The trial court also places significance on the fact that Martin signed a plea agreement to a specified term of incarceration in which he indicated that no one promised him anything to entice him to agree to the sentence. The plea agreement is attached to the trial court’s order. However, such an acknowledgment by a defendant does not preclude a claim of affirmative misadvice by trial counsel regarding gain-time entitlement. See Scurry v. State, 702 So.2d 568 (Fla. 2d DCA 1997); Regan v. State, 730 So.2d 828 (Fla. 1st DCA 1999).
We appreciate the trial court’s frustration with this case and the attempt to resolve this matter without further delay. However, on the record before this court, we are unable to determine exactly what Martin’s underlying postconviction claim is and whether the trial court has, in fact, already addressed it either in a previous order or in the order on appeal.
In this appeal, we are called upon to address the denial of Martin’s petition for writ of habeas corpus. Martin alleges that he hired counsel to file a postconviction claim and that no such claim was filed. Whether counsel actually agreed to file a claim and failed to do so is the issue raised in Martin’s petition for habeas corpus which has yet to be addressed.
Accordingly, we reverse the trial court’s order denying Martin’s petition for writ of habeas corpus and remand for the trial court to conduct an evidentiary hearing to determine whether Martin’s attorney agreed to file a timely rule 3.850 motion for postconviction relief but failed to do so.
Reversed and remanded with directions.
FULMER, STRINGER, and COVINGTON, JJ., Concur.