PER CURIAM.
Appellant was charged with three counts of kidnapping, two counts of sexual battery, two counts of robbery, burglary of a conveyance, petty theft and possession of a firearm during the commission of a felony. He entered a guilty plea to all the charges except one count of sexual battery, to which he entered a no contest plea. The trial court sentenced appellant to consecutive terms of imprisonment, as follows: seven life terms, four three-year minimum mandatory terms, and one five year term. Appellant filed a motion for post-conviction relief pursuant to Rule 3.850, Fla.R. Crim.P., on grounds that his pleas were involuntarily entered pursuant to his understanding that he would not receive consecutive sentences. This appeal is from the trial court’s summary denial of the motion without an evidentiary hearing.
Rule 9.140(g), Fla.R.App.P., governs this appeal and under said rule this court is required to reverse for an evidentiary hearing “unless the record shows conclusively that the appellant is entitled to no relief.” After having considered the record and the specially permitted briefs and arguments of counsel, we find that an evidentiary hearing was necessary in this case. See Clark v. State, 256 So.2d 551 (Fla. 4th DCA 1972); Williams v. State, 245 So.2d 680 (Fla. 4th DCA 1971). This cause is therefore remanded for a hearing.
Remanded.