FRANK, Judge.
Alberto Ramos appeals from the summary denial of his motion for postconviction relief. We reverse and remand to the trial court.
Ramos asserts that he entered a plea of guilty in Pinellas County to felony charges with the understanding the sentence would be served concurrently with any sentence he might receive on charges pending in Hillsborough County. The Hillsborough charges were not disposed of until some six months after the plea in Pinellas County. Contrary to Ramos’ expectation, no provision was made for concurrent time in either the Pinellas or the Hillsborough judgments.
Ramos has styled his pleading a “motion to correct sentence” and has asked for specific performance of the Pinellas plea agreement. A Hillsborough sentence did not exist when Ramos entered his Pinellas plea, and because the Pinellas court had no authority to compel the court in Hillsbor-ough to impose any specific sentence, it appears at first blush that the trial court did not err in summarily denying his motion. Ramos’ claim, however, is not absolutely foreclosed. The facts in this case, as they are presented to us by Ramos, are sufficiently similar to those in Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983), to warrant further consideration of this *1098 matter by the trial court. In Richardson the defendant, desirous of “get[ting] on back to New Jersey,” conditioned his plea upon a sentence concurrent with an expected sentence for parole violation in that state. New Jersey, however, declined to act on the parole violation and Richardson remained incarcerated in Florida. We held:
Appellant herein agreed to plead on the mistaken assumption that his Florida sentence would be served concurrently with time imposed in New Jersey. Since he did not receive the sentence for which he originally bargained and was not informed of the impossibility of carrying out that sentence, the interests of justice mandate that he be given the opportunity to withdraw his plea.
Richardson, 432 So.2d at 751.
Thus, upon remand the trial court is directed to examine the files and records in this case to determine, if possible, whether Ramos was promised concurrent sentences in connection with his Pinellas plea. If that question cannot be answered from the record an evidentiary hearing will be necessary. If the existing record discloses no plea bargain, however, the court may again deny Ramos’ motion attaching to its order whatever evidence there is to support that conclusion. If on the other hand Ramos has correctly described the plea agreement, and he was not told of the impossibility of coordinating the Pinellas and Hillsborough sentences, the court is to allow him an opportunity to withdraw his plea. The court, alternatively, is empowered to vacate the original sentence and impose the same term with the added provision that it be served concurrently with the sentence he received in Hillsborough County. Either party aggrieved by the contemplated action of the trial court may achieve appellate review upon the timely filing of a notice of appeal.
Reversed.
RYDER, A.C.J., and LEHAN, J., concur.