562 So.2d 430 (1990)
Douglas E. SHAFFNER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3172.
District Court of Appeal of Florida, First District.
June 18, 1990.
Douglas E. Shaffner, pro se.
No appearance for the State.
NIMMONS, Judge.
Shaffner appeals from a final order denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Appellant was charged under Section 944.40, Florida Statutes (1987), with escape from a work release program. Appellant pled guilty to the escape charge and received an 18-month sentence to run consecutively to the sentences that appellant was already serving. After his return to prison, appellant learned that the Department of Corrections revoked 2,011 days of his gain-time pursuant to Section 944.28(1), Florida Statutes. In response to the revocation of gain-time, appellant filed a motion for postconviction relief alleging that his plea was involuntarily induced as a result of ineffective assistance of counsel because his attorney misrepresented the consequences of his guilty plea. Appellant alleged that he pled guilty "as a result of misrepresentations of the consequences of said plea via counsel." According to appellant, during the plea bargaining process his attorney told him that "[i]f he pled guilty to [the] escape offense, the Florida Department of Corrections would not take any gain-time away from the Defendant." Appellant further claimed that his attorney told him that "[i]f the Defendant was not convicted of escape that the Fla. D.O.C. would then take gain-time."
The trial judge denied appellant's motion for postconviction relief, relying on an affidavit *431 submitted by the attorney who represented appellant when he entered his guilty plea. In her affidavit, appellant's attorney maintained that it is her policy to tell any client who is charged with escape that if he is sentenced for an escape charge, the Department of Corrections may revoke that client's earned gain-time. Further, appellant's attorney stated that she would not inform any client "that if he was not convicted of escape that the Florida Department of Corrections would then take gain-time."
Upon the filing of a facially sufficient motion for postconviction relief, the trial judge must either attach those portions of the file and record in the case which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing. Jones v. State, 384 So.2d 736 (Fla. 4th DCA 1980); Fla.R.Crim.P. 3.850. Although the affidavit filed in the instant case contained information which indicated that appellant was not entitled to relief, it was not part of the file and record in the case. See Robinson v. State, 516 So.2d 20 (Fla. 1st DCA 1987); McCorkle v. State, 419 So.2d 373 (Fla. 1st DCA 1982); Youngblood v. State, 261 So.2d 867 (Fla. 2nd DCA 1972).
Nevertheless, the order denying the motion is affirmable for another reason. The motion was facially insufficient. Even assuming that a prisoner is entitled to relief under Rule 3.850 where his attorney makes a misstatement of the kind here involved and, in the absence of which statement, the defendant would not have pled guilty,[1] the motion in the instant case is facially insufficient because it fails to allege that he would not have entered the guilty plea had the attorney not made the misstatement. In a case virtually on all fours with the instant case, the U.S. Supreme Court stated:
In the present case the claimed error of counsel is erroneous advice as to eligibility for parole under the sentence agreed to in the plea bargain. App. 31. We find it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel, because in the present case we conclude that petitioner's allegations are insufficient to satisfy the Strickland v. Washington requirement of "prejudice." Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial.
Hill v. Lockhart, 474 U.S. 52, 60, 106 S.Ct. 366, 371, 88 L.Ed.2d 203, 211 (1985).
Accordingly, the order denying the subject motion is AFFIRMED.
ERVIN, J. and THOMPSON, FORD L. (Ret.), Associate Judge, concur.
NOTES
[1] Compare State v. Ginebra, 511 So.2d 960, f.n. 6 at 962 (Fla. 1987).