SCHWARTZ, Chief Judge.
This is an appeal from a denial of a Rule 3.850 motion which was disposed of without an evidentiary hearing. We affirm.
The defendant’s primary ground for relief lies in the claim that he was misad- *842 vised by his counsel or otherwise did not understand precisely to which of the several charges against him he would plead and which would be abandoned by the state. However, the motion notably fails to allege that he did not agree to the ultimate sentencing consequences of the plea agreement: fifteen years in prison, followed by five years probation. In this posture, we must conclude that neither any “misunderstanding” nor ineffective assistance of counsel was prejudicial to the defendant in any meaningful sense. Shaffner v. State, 562 So.2d 430 (Fla. 1st DCA 1990); see Williams v. State, 553 So.2d 309 (Fla. 1st DCA 1989). Thus, this prong of the motion was properly denied.
Hemphill’s second argument is that the guidelines scoresheet was improperly calculated by considering the offense of attempted first degree murder with a firearm as a life felony. While we agree that an improper guidelines calculation may be the subject of a 3.850 proceeding, State v. Chaplin, 490 So.2d 52 (Fla.1986), the point raised here is substantively incorrect. § 775.087(l)(a), Fla.Stat. (1989); State v. Flemmings, 579 So.2d 780 (Fla. 3d 1991); Williams v. State, 360 So.2d 61 (Fla. 2d DCA 1978).[1]
Affirmed.

. We need not decide whether even an incorrect guidelines determination makes any difference when, as here, there is a plea agreement to a specific sentence which would have justified an upward departure. See Smith v. State, 529 So.2d 1106 (Fla.1988); Quarterman v. State, 527 So.2d 1380 (Fla.1988).