588 So.2d 1054 (1991)
James Darren DUGGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-821.
District Court of Appeal of Florida, First District.
November 12, 1991.
James Darren Duggan, pro se.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
James Darren Duggan has appealed an order of the trial court summarily denying his motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm.
On March 8, 1990, Duggan pled guilty to two counts of lewd and lascivious act, and was sentenced to 9 years incarceration followed by 5 years probation. He filed the instant motion on January 24, 1991, alleging 1) that the trial court imposed costs without giving him notice and opportunity to object, and 2) that his counsel was ineffective for failing to tell him that, because of the nature of his crimes, he would not be eligible to receive provisional gain-time while incarcerated. The trial court summarily denied the motion, attaching Duggan's written plea agreement indicating in general terms his understanding of the "possible consequences of his plea."
Upon review of this motion and order, this court requested a response from the Attorney General's office pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). The state responds first that the motion was correctly denied as to the allegation of improper imposition of costs. We agree. See State v. Beasley, 580 So.2d 139 (Fla. 1991).
As to the allegation of ineffective assistance, the state responds that, if the attachment provided by the trial court does not conclusively refute the allegation, we should nevertheless affirm under Shaffner v. State, 562 So.2d 430 (Fla. 1st DCA 1990). In Shaffner, the prisoner alleged that his attorney had erroneously informed him, prior to his plea, that his escape offense would not result in loss of gain-time. The trial judge denied the motion, attaching to his order supporting documents which were not part of the record. The court nevertheless affirmed, finding Shaffner's motion facially insufficient in that it did not allege that, absent the misstatement, he would not have entered the plea. Shaffner at 431.
Similarly, the motion herein fails to allege that, had Duggan's attorney told him about his inability to accumulate provisional gain-time, he would not have entered his plea. Therefore, under authority of Shaffner, we find Duggan's allegations of ineffective assistance facially insufficient, and *1055 affirm. See Robinson v. State, 393 So.2d 33, 35 (Fla. 1st DCA 1981) (if a trial court's order is sustainable under any theory revealed by the record on appeal, notwithstanding that it may have been entered for erroneous reasons, the order will be affirmed).
Affirmed.
BOOTH and WOLF, JJ., concur.