591 So.2d 1121 (1992)
George Bruce THORNBURG, Appellant,
v.
STATE of Florida, Appellee.
No. 91-863.
District Court of Appeal of Florida, First District.
January 6, 1992.
George Bruce Thornburg, pro se.
No appearance for appellee.
JOANOS, Chief Judge.
Appellant seeks review of the trial court's order denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. As grounds for relief, the motion raised claims of ineffective assistance of counsel, an improperly prepared scoresheet which served as the basis for appellant's plea, and an illegal sentence due to an incorrect scoresheet. We reverse.
The facts as set forth in the motion allege that appellant was charged with second-degree *1122 murder, but pled guilty to manslaughter. In support of the asserted claims, the motion asserted that (1) appellant's plea was based on a representation that the plea bargain sentence was within the guidelines; (2) appellant's counsel failed to note that manslaughter was scored as a first degree, rather than a second degree felony; and (3) appellant's counsel failed to advise him of the scoresheet error. The motion further alleged that the scoresheet, which incorrectly indicated a recommended sentence of up to twenty-two years rather than the twelve year maximum penalty for manslaughter, formed the basis of the plea. Finally, the motion alleged that due to scoresheet error, appellant had no knowledge that he pled to a sentence in excess of the recommended guidelines range.
The trial court's denial of the motion was premised in part on the rule that a negotiated sentence may exceed the guidelines, and in part on findings that the written plea demonstrated an uncoerced negotiated sentence of fourteen years, and appellant knowingly and voluntarily entered into a written plea of guilty and bargained for a fourteen year sentence. The first page of the form guilty plea and negotiated sentence was attached to the order, as support for the trial court's findings.
It is well settled that facially sufficient allegations of ineffective assistance of counsel may not be denied summarily, without attachment of those portions of the record which demonstrate conclusively that the defendant is entitled to no relief. Boutwell v. State, 563 So.2d 798 (Fla. 1st DCA 1990); Shaffner v. State, 562 So.2d 430 (Fla. 1st DCA 1990); Williamson v. State, 559 So.2d 723 (Fla. 1st DCA 1990). Among other things, misstatements of counsel as to the consequences of a plea constitute facially sufficient grounds for relief. Shaffner, 562 So.2d at 431. However, such motion is facially insufficient if it fails to allege that the defendant would not have entered the plea if his attorney had not made the misstatement. Id., citing Hill v. Lockhart, 474 U.S. 52, 60, 106 S.Ct. 366, 371, 88 L.Ed.2d 203, 211 (1985); Duggan v. State, 588 So.2d 1054 (Fla. 1st DCA 1991); Wilson v. State, 559 So.2d 733 (Fla. 2d DCA 1990).
A plea bargain may serve as a clear and convincing reason for a departure sentence, when the departure reason was accepted as an integral part of the bargain itself. See Smith v. State, 530 So.2d 304 (Fla. 1988); Quarterman v. State, 527 So.2d 1380 (Fla. 1988). However, where the allegations of the motion for post-conviction relief indicate the defendant's understanding that his plea bargain contemplated a sentence within the guidelines, remand is required for further proceedings, i.e., attachment of documentation conclusively showing the defendant is not entitled to relief, or for an evidentiary hearing. Cannon v. State, 548 So.2d 1182 (Fla. 2d DCA 1989). In Calleja v. State, 562 So.2d 395 (Fla. 5th DCA 1990), the plea bargain was based on an incorrect scoresheet. The allegations of the 3.850 motion indicated the defendant neither understood nor accepted the bargain as a departure sentence. The court held that in such circumstances, the defendant must be permitted to withdraw his plea, if he elects not to accept the original sentence which was based on an incorrect scoresheet.
Because the allegations of the motion are not refuted by the portion of the record attached to the order denying relief, the cause is remanded with directions to attach those portions of the record which demonstrate that appellant is entitled to no relief, or for an evidentiary hearing. See Gardner v. State, 550 So.2d 176 (Fla. 1st DCA 1989).
ERVIN, J., and WENTWORTH, Senior Judge, concur.