603 So.2d 46 (1992)
Terry E. MIDDLETON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-881.
District Court of Appeal of Florida, First District.
July 23, 1992.
Terry E. Middleton, pro se.
*47 No appearance for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant seeks rehearing of that portion of our prior decision which affirmed the trial court's denial of post-conviction relief with respect to appellant's allegations regarding his eligibility for incentive gain time. We grant the motion for rehearing, withdraw our prior opinion, and substitute the following therefor.
Appellant pled guilty to multiple cases involving charges of armed robbery, aggravated assault, possession of a firearm by a convicted felon, and grand theft. On August 24, 1989, he was adjudicated guilty, and sentenced to serve concurrent sentences which total twenty years, together with concurrent mandatory minimum three-, five- and ten-year sentences. The plea agreement provides that appellant would receive "credit for time served and incentive gain time." The negotiated sentence form also contains a handwritten sentence, which was struck through but not initialed. The struck-through sentence states: "This sentence is to run concurrent with any sentence imposed on awaiting Federal charges." The plea agreement form was signed by defense counsel, the assistant state attorney, the deputy clerk as witness, and the trial judge.
Appellant was sentenced as an habitual violent felony offender, and, as such, he is subject to the mandatory minimum provisions of section 775.084(4)(b), Florida Statutes (1989). His status as an habitual violent felon was stated on the face of the written plea agreement. The plea agreement further specified that appellant will serve three concurrent three-year mandatory minimum sentences for use of a firearm in commission of the underlying offenses. See § 775.087(2), Fla. Stat. (1989).
Appellant's post-conviction motion alleged that his attorney was aware that he would plead guilty "only if he could receive gain time (incentive) on all time served, and if the sentence would run concurrent with any sentence imposed on awaiting federal charges." He also alleged that his attorney did not tell him that he would "not be allowed incentive gain time" and induced him with the "promise" of incentive gain time. The motion further alleged that appellant did not initial, and did not authorize, any changes in the plea agreement. When appellant arrived in the custody of the Department of Corrections, he was advised that due to the nature of his offenses, he was not eligible for incentive gain time, and that his state sentence was not concurrent with any federal sentence imposed. The motion also raised claims of ineffective assistance of counsel, based on the assertion that appellant's counsel did not tell him that the Department of Corrections would not permit him to receive incentive gain time, and did not advise him of changes in the plea agreement.
In the order denying appellant's post-conviction motion, the trial court noted that the written sentencing documents include the condition that "the defendant shall not be eligible for gain-time granted by the Department of Corrections except that the department may grant up to 20 days of incentive gain-time each month as provided for in 944.275(4)(b)." The order further noted that the written negotiated plea agreement failed to provide that appellant's sentence was to run concurrently with any sentence imposed on pending federal charges. As to the allegations of ineffective assistance of counsel, the trial court found that appellant's sentence as an habitual violent felony offender "clearly reflects that the Department of Corrections may grant Defendant up to twenty (20) days of incentive gain-time each month," and that the written negotiated plea and sentence form signed by appellant and his attorney contains no language pertaining to the possibility of a concurrent sentence on federal charges.
Generally, claims of ineffective assistance of counsel or coercion with regard to entry of a plea are deemed refuted by oral or written statements to the contrary contained in a negotiated plea. Cameron v. State, 582 So.2d 168 (Fla. 1st DCA 1991); Rackley v. State, 571 So.2d 533, 535 (Fla. *48 1st DCA 1990). Nevertheless, a motion for post-conviction relief which affirmatively alleges that a plea of guilty was induced in reliance on mistaken or misleading advice concerning the availability of gain time cannot be summarily dismissed, absent record evidence which conclusively refutes such allegation. Rackley v. State, 571 So.2d at 535.
In the instant case, appellant contends that his counsel knew that availability of incentive gain time, credit for time served, and an agreement that the sentences underlying this appeal would be served concurrently with pending federal charges, were the main factors which induced his guilty plea. The trial court's denial of appellant's motion was premised on the provision in the sentencing document which specified that appellant could be granted up to twenty days of incentive gain time each month as provided by section 944.275(4)(b), and on the written negotiated plea and sentence form that did not contain a clear reference that the instant sentences are to run concurrently with sentences imposed on pending federal charges.
The record before the court is clear that appellant's guilty pleas were entered with full knowledge that the agreement contemplated imposition of sentences pursuant to the habitual violent felony offender classification, and that mandatory minimum ten- and five-year sentences were required by virtue of appellant's status as an habitual violent felon, and the degree of the crimes to which he pled guilty. By the same token, the record is clear that appellant entered his guilty pleas with full knowledge that three-year mandatory minimum sentences would be imposed for use of a firearm. However, the written negotiated plea agreement does not state expressly that, due to appellant's sentence as an habitual violent felon, he must serve the mandatory portion of the prescribed sentence before becoming eligible for gain time. See §§ 775.084(4)(b) and 775.084(4)(e), Fla. Stat. (1989). In the circumstances, the specificity of the plea agreement does not refute conclusively the allegations that appellant's attorney advised him that he would be eligible to receive incentive gain time on all of his sentences, and his attorney knew that eligibility to receive incentive gain time was a significant factor in his decision to plead guilty.
In addition, the struck-through portion of the written negotiated plea and sentence form raises a question whether appellant did, in fact, agree to a sentence which would run concurrently with any subsequently imposed federal sentence. The struck-through material states as much, and has not been initialed by any signatory to the agreement. Consequently, the documentation included in this record does not refute conclusively appellant's allegation concerning the promise of concurrent state and federal sentences.
Accordingly, this cause is remanded with directions to attach the plea transcript, or such other portions of the record or file which demonstrate conclusively that appellant is entitled to no relief, or to conduct an appropriate hearing.
JOANOS, C.J., and ERVIN, J., and WENTWORTH, Senior Judge, concur.