611 So.2d 602 (1993)
Jerry L. KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04422.
District Court of Appeal of Florida, Second District.
January 6, 1993.
PER CURIAM.
Jerry Knight appeals the summary denial of his motion for postconviction relief. We reverse.
Though the motion is couched in terms of ineffective assistance of counsel, Knight actually complains that his 1991 no contest plea was involuntary. Knight was on parole from a 1977 sentence when he committed the three offenses involved in this case. He alleges that he was assured any sentences for these three crimes would run concurrently with one another and with any reincarceration stemming from the parole violation. In fact the 1991 sentences are concurrent, but no provision was made for concurrent time with the 1977 case. The earlier sentence, once reinstated, is therefore deemed consecutive. See § 921.16(1), Fla. Stat. (1991).
*603 The trial court's order fails to refute Knight's claim. The court finds that any request for a sentence running concurrent with the parole violation would have been "fruitless," since a court cannot order a sentence to run concurrent with another sentence that does not yet exist. Ramos v. State, 513 So.2d 1097 (Fla.2d DCA 1987); Richardson v. State, 432 So.2d 750 (Fla.2d DCA 1983). However, this fact does not rule out the possibility that Knight, and perhaps his attorney, acted under the incorrect assumption that concurrent sentences were possible. "Since [defendant] did not receive the sentence for which he originally bargained and was not informed of the impossibility of carrying out that sentence, the interests of justice mandate that he be given the opportunity to withdraw his plea." Richardson, 432 So.2d at 751 (emphasis added).
After remand the trial court should reexamine the files and records in this case to determine whether anything therein conclusively rebuts Knight's assertion that he was promised all concurrent sentences. If so the trial court may again deny the motion, attaching to its order whatever documentation it has relied upon. If not, an evidentiary hearing may be necessary to resolve Knight's motion. If Knight indeed was promised concurrent time, the court should allow him to withdraw his plea if he so desires. Alternatively, the court is empowered to vacate the sentences in the 1991 case and reimpose the same terms with the added provision that they run concurrent to the reinstated 1977 sentence. Ramos.
Reversed.
HALL, A.C.J., and THREADGILL and BLUE, JJ., concur.