677 So.2d 43 (1996)
Leroy Darnell RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4455.
District Court of Appeal of Florida, First District.
July 9, 1996.
*44 Leroy D. Richardson, pro se.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
This is Leroy D. Richardson's first appeal after a series of unsuccessful motions in the trial court alleging that he had been involuntarily induced to enter a plea based on defense counsel's misadvice about whether his sentence would be consecutive or concurrent with an existing sentence from another case. We affirm the denial of his sworn motion to vacate judgment of conviction and sentence, although for a different reason from the one given by the trial court. Fla. R.Crim.P. 3.850; Robinson v. State, 393 So.2d 33, 35 (Fla. 1st DCA 1981) (if trial court's order is sustainable under any theory revealed by appellate record, affirmance is proper notwithstanding that it may have been entered for a different or even erroneous reason).
The sentencing court ordered the appellant's sentence to run consecutively to another sentence in a different case. Under certain circumstances, an allegation that when a plea was being considered counsel erroneously indicated that the sentence would be ordered to run concurrently with another one would constitute a prima facie basis for relief. See Setzer v. State, 575 So.2d 747 (Fla. 5th DCA 1991) ("[D]efense counsel has the obligation to ensure that a defendant understands the direct consequences of his plea."). However, in the case at bar, we agree with the state's position that the appellant failed to satisfy the second prong ("prejudice" or detriment) of the test for demonstrating ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Kennedy v. State, 547 So.2d 912 (Fla. 1989). As the required showing of prejudice in fact is to be "strictly applied," any such claim should be "positive, specific and factual." Young v. State, 608 So.2d 111, 113 & n. 2 (Fla. 5th DCA 1992). The instant motion is facially deficient in this respect because the appellant failed to state that, but for his attorney's alleged misadvice, he would not have entered the plea. See, e.g., Taylor v. State, 647 So.2d 854, 855 (Fla. 1st DCA 1994) (trial court properly denied facially insufficient claim that plea had been involuntarily induced as the result of ineffective assistance of counsel, where motion failed to allege that defendant would not have entered plea if attorney had not misrepresented consequences of plea); Thompson v. State, 599 So.2d 244, 245 (Fla. 1st DCA 1992) (trial court properly denied allegation in post-conviction motion that defendant's plea had been induced by counsel's misrepresentation, where motion failed to allege that defendant would not have entered plea if counsel had given him correct information); McCoy v. State, 598 So.2d 169, 170 (Fla. 1st DCA 1992); Duggan v. State, 588 So.2d 1054 (Fla. *45 1st DCA 1991); Shaffner v. State, 562 So.2d 430 (Fla. 1st DCA 1990).
AFFIRMED.
MINER and ALLEN, JJ., concur.