MICKLE, Judge.
This is an appeal of an order denying all three claims raised in the appellant’s motion for post-conviction relief. We affirm that part of the order denying Grounds One and Two and reverse that part of the order denying Ground Three, and remand for an eviden-tiary hearing or for attachment of portions of the files and records conclusively showing no entitlement to relief on the third claim. Fla. R.Crim.P. 3.850(d).
The appellant entered a plea of nolo contendere to sale of cocaine and to possession of drug paraphernalia, offenses that were committed on May 3, 1994, in Columbia County. Ground One alleged ineffective assistance of trial counsel for failure to verify that the appellant 1) did not reside in Columbia County and, under the terms of his control release, 2) was not allowed to leave Jasper, Florida (which is in another county) on the date of the offenses. We conclude that the trial court properly denied this claim as without merit, for the appellant’s residency in another county and the *562 terms and conditions of control release would not, of themselves, foreclose his committing these two particular crimes in a different county. Ground Two alleged that counsel was ineffective for failing to investigate a particular witness. Denying relief, the trial court properly attached the plea colloquy in which the appellant affirmatively indicated that he was satisfied with the services of his attorney.
Ground Three alleged that the appellant had entered his plea after informing his attorney that he was on control release and inquiring whether entry of the plea would affect his control release status. The motion alleged that counsel had informed the appellant that she “had spoken with everybody” and that the appellant would not be returned to prison upon a control release violation as a result of entering the plea in question. In fact, entry of the plea served as the basis for the revocation of control release and the appellant’s return to prison, even though the instant crimes to which he pled did not result in any other incarceration. Assuming the truth of the allegations 1) that the appellant informed counsel of his status on control release, 2) that the attorney informed the appellant that entering the plea would not result in his imprisonment for violation of the terms and conditions of control release, and 3) that absent this misrepresentation, the appellant would not have entered the plea that served as a basis for the revocation of control release, we find this to be a facially sufficient claim under the two-prong test in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See State v. Leroux, 689 So.2d 235 (Fla.1996); Hall v. State, 677 So.2d 85 (Fla. 2nd DCA 1996); Eady v. State, 604 So.2d 559, 560-61 (Fla. 1st DCA 1992) (allegations in rule 3.850 motion that decision to plead guilty to second-degree murder was based upon counsel’s affirmative misrepresentations concerning eligibility for provisional gain-time credits and early release, and upon counsel’s advice that defendant would serve no more than 5 years of 35-year sentence were facially sufficient for claim of ineffective eounsel/involuntary plea). The transcript of the plea and sentencing colloquy, which the trial court attached to its order, does not address the subject of control release and does not refute these specific allegations.
AFFIRMING order in part, REVERSING in part, and REMANDING for consistent proceedings.
WEBSTER and PADOVANO, JJ., concur.