697 So.2d 957 (1997)
Anthony Lavon DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02314.
District Court of Appeal of Florida, Second District.
August 1, 1997.
*958 PER CURIAM.
Anthony Lavon Davis challenges the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We disagree with both premises advanced by the trial court in support of its decision to decline relief. Accordingly, we reverse.
Davis was serving concurrent terms in state prison when he was released from the Department of Corrections by the Control Release Authority created by section 947.146, Florida Statutes (1995). Thereafter, on one case he was supervised by the Authority. On the other, he was supervised by a probation office because his sentence was to be followed by court-ordered supervision. Davis subsequently violated the terms of that probation, and it is counsel's role in representing him in the revocation proceeding which is the subject of this appeal.
In his sworn motion, Davis complains that counsel assured him that any sentence imposed by the trial court would run concurrently with the sentence he anticipated he would have to resume serving for violating the terms of his control release. See § 947.141, Fla. Stat. (1995). Upon his return to prison, Davis learned that the two prison sentences he had formerly been serving concurrently were now to be served consecutively, which is the custom of the Authority upon the revocation of control release. He asserts in his motion that he relied on incorrect legal advice by counsel when he decided to accept a plea offer on his violation of probation to serve eight years with credit for time served before his earlier release. His motion asks that he be permitted to withdraw that earlier plea, alleging that it was involuntarily entered due to misadvice by counsel.
In its order, the trial court determined that Davis's motion must fail for two reasons. First, the trial court found that Davis had failed to sufficiently allege that, but for the bad legal advice, he would have rejected the plea offer and proceeded to contest the accusations in the affidavit alleging a violation of his probationary supervision. Second, the trial court relied on an excerpt from the plea colloquy in which Davis responded in the negative when asked if there had been any out-of-court, nonrecord inducements which had led him to enter the plea.
Relying on Duggan v. State, 588 So.2d 1054 (Fla. 1st DCA 1991), the trial court correctly explained that the claimant in these circumstances is required to establish prejudice from the alleged bad legal advice, and absent an allegation that he or she would have rejected the plea offer had the proper advice been given, the showing of prejudice is not made and the claim may be denied as facially insufficient. While Davis's recitation of this element does not strictly adhere to the language in Duggan and the cases cited therein, we find that he has adequately pleaded that the poor advice was the cause of his acceptance of the plea and that he would have proceeded differently had he been adequately apprised of how these two sentences were likely to be structured.[1]
*959 The trial court relied as well upon Davis's acknowledgment during the plea colloquy that there were no nonrecord inducements which had prompted his decision to accept the plea. This court has held that an openended question about inducements to enter a plea will not by itself defeat a claim by a defendant that counsel's incorrect legal advice about eligibility for gain time prompted a plea which would otherwise have been rejected. See Hoch v. State, 679 So.2d 847 (Fla. 2d DCA 1996). See also Choi v. State, 692 So.2d 973 (Fla. 2d DCA 1997) (applying the principle to a claim that the attorney failed to advise the client that he would be eligible for a guidelines sentence if he proceeded to trial, and the client entered a plea for such a sentence based on the attorney's advice that the client faced maximum sentences on all cases if he was found guilty at trial); See Beier v. State, 684 So.2d 306 (Fla. 2d DCA 1996).
Shortly after the issuance of Hoch, the Florida Supreme Court resolved a conflict between districts by holding that a general question about promises or inducements that does not specifically address the amount of time the defendant has been told he will serve does not conclusively refute a claim of ineffectiveness of counsel and defeat a claim that the plea was involuntary and thus subject to vacation. See State v. Leroux, 689 So.2d 235 (Fla.1997). Leroux, as did Hoch, involved allegations that counsel made representations concerning the portion of the sentence that the client should expect to actually serve. Davis's claim does not involve prospects of gain time or early release, but instead is grounded on misadvice that the sentence accepted would run concurrently with another sentence. We believe the principles of Leroux and Hoch should apply equally under these facts; both involve alleged misrepresentations about the amount of time a client will actually serve on a particular sentence that is the subject of a plea offer.
The record attachments to the order do not conclusively refute Davis's claim; we reverse the trial court's order to reconsider and, if further record attachments do not refute Davis's claim, the trial court is to conduct an evidentiary hearing.
Reversed and remanded.
DANAHY, A.C.J., and FRANK and WHATLEY, JJ., concur.
NOTES
[1] In his sworn memorandum accompanying the motion, Davis twice addresses this issue: "This statement [the poor advice] made by trial defense counsel to the defendant was a direct and proximate causation of the defendant's choice to accept the plea offer." And, "Had the defendant known at the time of his decision to accept or not accept the plea offer that his sentence was to be consecutive, instead of concurrent as was stated to him by his trial counsel, which ultimately was his sole, primary and sole reason in his decision to accept the plea offer presented to him at that time."