718 So.2d 223 (1998)
Tommie Shane SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 98-217.
District Court of Appeal of Florida, First District.
August 3, 1998.
*224 I. Mark Rubin, of Rubin & Rubin, P.A., Jacksonville, for Appellant.
Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
SHIVERS, DOUGLASS B., Senior Judge.
Tommie Shane Smith appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Concluding that the trial court's attachments do not conclusively refute the allegations in Ground One of the motion, we are constrained to reverse the order and remand for further proceedings relating to the dispositive "consecutive sentencing" issue. In light of our holding, we need not address the remaining issues.
Smith has three February 1992 felony convictions for burglary, for which he was sentenced to concurrent terms of 4 years' incarceration, to be followed by 2 years' probation. In 1996, during his period on probation, he was charged with possession of a firearm by a convicted felon, an offense that violated the terms of his probation. On April 29, 1996, he admitted the violation of probation and entered a written plea of guilty and negotiated sentence expressly agreeing to 6 years' imprisonment on the possession of a firearm charge. At the plea hearing on the same date, the trial court found the plea to have been freely, knowingly, and voluntarily entered. Smith was sentenced to 6 years' incarceration in accordance with the terms of the written plea agreement.
In the first issue in his sworn motion for postconviction relief, Smith alleged that he had involuntarily entered his plea without full knowledge of the consequences of that agreement. Specifically, he alleged that after consulting with the trial judge at a sidebar conference, defense counsel had promised Smith that his sentence for possession of a firearm would be served concurrently with whatever sentence he received in a pending proceeding arising from a violation of controlled release. Smith claims that prior to entering the plea, he and trial counsel discussed the consequences of his plea upon the pending violation of controlled release matter. At the hearing, counsel allegedly told Smith that the trial court had stipulated that, "for the present time[,] the sentence would be ordered to run consecutive[ly] to the [sentence for the controlled release] violation." Smith claims that his attorney also assured him that the trial court had agreed that the sentence later would be ordered to run concurrently if Smith "motioned the court at a later date." Subsequently, the appellant was informed that his 13-month sentence for the violation of controlled release was to be served consecutively with the sentence for possession of a firearm, i.e., he would serve a longer time in prison. After Smith sought a reduction or modification of the sentence to reflect his understanding of the sentencing terms, the trial court denied the motion for lack of jurisdiction. An appeal to this court was dismissed for lack of jurisdiction.
Smith asserts that defense counsel's "false and misleading information" constitutes ineffective assistance of counsel. Additionally, *225 Smith contends that he entered the plea based on the assurances of counsel that the two sentences would run concurrently and that, but for this affirmative misrepresentation, he would not have entered the plea.
Accepting the sworn allegations as true, Harich v. State, 484 So.2d 1239 (Fla. 1986), we conclude that this first claim is facially sufficient. State v. Leroux, 689 So.2d 235 (Fla.1996) (misrepresentations by counsel as to length of sentence or eligibility for gain-time can be basis for postconviction relief in form of leave to withdraw guilty plea); Gessner v. State, 691 So.2d 48, 49 (Fla. 1st DCA 1997) (reversing and remanding because summary denial of postconviction motion was improper, where defendant alleged that no plea of no contest was involuntarily based on counsel's erroneous advice that defendant would be eligible for gain-time and provisional sentencing credits and that his sentences would be concurrent, whereas defendant actually received consecutive prison sentences); Knight v. State, 611 So.2d 602 (Fla. 2d DCA 1993) (interests of justice mandated that defendant be given opportunity to withdraw his plea of no contest, where he did not receive sentences for which he originally bargained, i.e., concurrent rather than consecutive sentences, and he was not informed of the impossibility of carrying out the expected sentences). The trial court's attachments (including the plea form and the transcript of the plea hearing) do not conclusively refute the allegations of affirmative misrepresentations. Middleton v. State, 603 So.2d 46 (Fla. 1st DCA 1992) (plea agreement did not conclusively refute allegation in postconviction motion that trial counsel's misleading advice had induced entry of guilty plea, and summary denial of motion was improper as to claim that counsel may have misled defendant to believe that he would be eligible for incentive gain-time and that his state sentences would run concurrently with any subsequently imposed federal sentences); Jackson v. State, 442 So.2d 1070 (Fla. 3d DCA 1983) (summary denial of motion for postconviction relief was improper, where defendant alleged that his guilty plea was involuntarily entered based on his mistaken understanding that he would not receive consecutive sentences). Like the motion in Knight, 611 So.2d at 602, the appellant's motion speaks of ineffective assistance of counsel but may be fairly construed also as an "involuntary plea" claim.
After remand, the trial court should re-examine the files and records to determine whether anything conclusively rebuts Smith's claim that he was promised concurrent sentences. If so, the lower tribunal again may deny the motion, attaching to its order all documentation on which it relies. If not, an evidentiary hearing may be necessary to resolve the motion. If it is determined that Smith was promised concurrent sentences, the trial court should allow him to withdraw his plea if that is the appellant's wish. Gessner, 691 So.2d at 49; Ricardo v. State, 647 So.2d 287 (Fla. 2d DCA 1994) (evidentiary hearing was necessary for issue of whether defense counsel advised defendant that trial judge's statement that defendant would be treated fairly upon guilty plea meant that trial court would impose guidelines sentence rather than habitual offender sentence; if counsel's advice was erroneous and induced plea, defendant would have proper basis for withdrawing plea); Knight, 611 So.2d at 603.
Our resolution of Smith's first, dispositive issue renders it unnecessary to discuss the remaining grounds raised in his motion. The order is REVERSED and REMANDED for further proceedings consistent with Leroux, Gessner, and Knight.
JOANOS and LAWRENCE, JJ., concur.