PER CURIAM.
A review of the brief filed in appellant’s direct appeal and his motion for postconviction relief reveals that, contrary to the trial judge’s determination, appellant did not raise identical issues in both proceedings. Thus, it was error to deny the motion on the basis that the claims had been disposed of by previous court order.
Nevertheless, we affirm the order to the extent it denies the first four postconviction claims, although we do so for a reason different from that given by the trial court. The first four claims are facially insufficient, because they fail to satisfy the “prejudice” prong of the test for ineffective assistance of counsel, and because they challenge counsel’s trial tactics. See, e.g., Richardson v. State, 677 So.2d 43 (Fla. 1st DCA 1996); Russell v. State, 521 So.2d 379 (Fla. 1st DCA 1988).
The order is reversed, however, as to the fifth and sixth claims. The fifth asserts ineffective assistance due to counsel’s failure to allow appellant to demonstrate the physical impossibility of the testimony provided by the state’s key witnesses to the robbery, and the sixth asserts 23 different acts by counsel that allegedly prejudiced appellant. The case therefore is remanded for consideration of those two claims.
AFFIRMED in part, REVERSED in part and REMANDED.
ERVIN, ALLEN and BROWNING, JJ., concur.