PER CURIAM.
Alberto Obaya (“the defendant”) appeals the summary denial of his motion for post conviction relief under Florida Rule of Criminal Procedure 3.850. For the following reasons we reverse.
In 1993, the defendant pled no contest to a charge of burglary of an unoccupied dwelling and was sentenced to a term of nine years. While on community control in 1996, the defendant was arrested for possession of a firearm by a convicted felon. The defendant entered into a plea bargain with the prosecutor. As a result, he agreed to a nine-year sentence with a thirty-seven month mandatory minimum as a habitual offender to run concurrent and coterminous with the 1993 sentence.
The defendant alleges in his motion for post conviction relief that the Department of Corrections’ records indicate his tentative release date for the 1996 sentence is 2005, i.e., three years past the expiration of the 1993 sentence. Further, the defendant alleges that he did not receive the total amount of credit for time served.
*925 Pursuant to Florida Rule of Appellate Procedure 9.140(i), this court is required to reverse for an evidentiary hearing “unless the record shows conclusively that the appellant is entitled to no relief.” Nothing before this court has resolved the apparent conflict between the trial court’s order and the administration of that order by the Department of Corrections. Therefore, we hold that an evidentiary hearing was necessary. Moreover, if it is impossible for the agreed sentence to be carried out under state law, then the defendant has a right to withdraw his plea. See Brod v. State, 437 So.2d 152 (Fla. 1983); Knight v. State, 611 So.2d 602 (Fla. 2d DCA 1993) (“Since [defendant] did not receive the sentence for which he originally bargained and was not informed of the impossibility of carrying out that sentence, the interests of justice mandate that he be given the opportunity to withdraw his plea.”)
Reversed and remanded.