PER CURIAM.
Appellant challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Appellant claimed trial counsel rendered ineffective assistance by leading him to believe that he would receive probation in exchange for his plea of nolo contendere to the charge of sexual battery. The trial judge correctly determined that the motion was legally insufficient because appellant did not allege that he would not have entered the plea had he been properly informed. Richardson v. State, 677 So.2d 43 (Fla. 1st DCA 1996).
Appellant also argued trial counsel rendered ineffective assistance by failing to object to an error on the sentencing seore-sheet. The seoresheet included 80 points under victim injury for sexual penetration. Appellant argued that only 40 points should have been added. We agree.
Section 921.0011(7), Fla. Stat. (1995), defining “victim injury,” provides:
If the conviction is for an offense involving sexual contact which includes sexual penetration, the sexual penetration must be scored as a severe injury regardless of whether there is evidence of any physical injury. If the conviction is for an offense involving sexual contact which does not include sexual penetration, the sexual contact must be scored as a moderate injury regardless of whether there is evidence of any physical injury. If the victim of an offense involving sexual contact suffers any physical injury as a direct result of the primary offense or any other offense committed by the offender resulting in conviction, .such physical injury must be scored separately and in addition to the points scored for the sexual contact or the sexual penetration.
Section 921.0014, Fla. Stat. (1995), which set forth the worksheet for offenses committed on or after October 1, 1995, provided the following levels of victim injury and corresponding points:
Severe 40
Sexual penetration 80
Moderate 18
Sexual contact 40
As observed in Romano v. State, 718 So.2d 283 (Fla. 4th DCA 1998), “severe injury” corresponds to 40 points rather than the 80 points assessed under the applicable statutory provisions. Section 775.021(1), Fla. Stat. (1995), provides: “The provisions of this code *456 and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.” This statutory provision has been construed as applying to the sentencing guidelines. Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991).
We remand to the trial court for correction of the scoresheet and resentencing. In all other respects, the order on appeal is affirmed.
BARFIELD, C.J., LAWRENCE and BROWNING, JJ., CONCUR.