BROWNING, J.
Howard K. Hickey (Hickey) appeals the denial of his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Hickey alleged that: 1) his plea of guilty was not free and voluntary; 2) that his trial counsel was ineffective by coercing him into accepting a plea bargain to crimes for which no factual basis to constitute crimes charged was ever proven by the state; 3) that his trial counsel was ineffective and the trial court erred for not informing him prior to accepting his bargain for plea that he was agreeing to a departure sentence and that such agreement would provide the basis to impose a departure sentence; and 4) his trial counsel was ineffective because he allegedly failed to inform Hickey that the state’s witnesses had changed their testimony, for not allowing defendant to testify at a trial, and on other grounds not germane to this appeal. The trial court ruled that the record conclusively refuted these allegations and accordingly attached those portions of the record so showing to his order. We affirm as to issues one, two and four, and reverse and remand as to issue three.
As to issue three, we are impelled to reverse and remand for further proceedings. A facially sufficient motion filed pursuant to Florida Rule of Criminal Procedure 3.850, which is the case here, requires the trial judge to either conduct an evidentiary hearing, or if he summarily denies the motion to attach to his order such portions of the transcript as conclusively refute that Hickey is entitled to the relief requested. Golden v. State, 703 So.2d 1207 (Fla. 1st DCA 1997). The portion of the record attached to the trial court’s order does not conclusively show that Hickey was advised either by his trial counsel, or the trial court, prior to his plea that he was agreeing to a departure sentence and that such agreement would provide the basis to impose the departure sentence. Accordingly, this constitutes error. Thornburg v. State, 591 So.2d 1121 (Fla. 1st DCA 1992)
We therefore, reverse and remand as to issue three, and the trial court shall upon remand either attach additional record excerpts that conclusively disprove Hickey’s claim that he was not properly advised concerning the fact that he was pleading to a departure sentence, or if no such portions of the record exist, conduct an evi-dentiary hearing on that portion of Hickey’s motion.
AFFIRMING in part, REVERSING in part, and REMANDING for attachments or further proceedings.
ALLEN and WEBSTER, JJ., CONCUR.