730 So.2d 828 (1999)
Timothy J. REGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3179.
District Court of Appeal of Florida, First District.
April 13, 1999.
Appellant pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Invoking Florida Rule of Criminal Procedure 3.850, Timothy Regan alleges that *829 court-appointed defense counsel was ineffective and that his guilty pleas were involuntary because defense counsel misled him, advising him that sentences for new offenses would run concurrently with any sentence imposed for prior offenses for which he had been on control release. The trial court denied relief. We reverse and remand with directions that the trial court identify and attach to the order on remand additional portions of the record conclusively refuting Mr. Regan's claim or hold an evidentiary hearing.
A claim that defense counsel's mistaken advice that separate sentences would run concurrently instead of consecutively induced a defendant to plead guilty is cognizable under rule 3.850. See Smith v. State, 718 So.2d 223 (Fla. 1st DCA 1998); Hightower v. State, 650 So.2d 1086, 1087 (Fla. 1st DCA 1995) ("An allegation that trial counsel or the trial court erroneously led the defendant to believe that he would serve two separate sentences concurrently rather than consecutively, states a prima facie case for relief under rule 3.850."); McCoy v. State, 598 So.2d 169, 170 (Fla. 1st DCA 1992) ("A defendant's allegation that his attorney misrepresented the consequences of a plea constitutes a facially sufficient ineffective assistance of counsel claim, if the defendant also alleges that the guilty plea would not have been entered but for his attorney's advice."). Mr. Regan's motion alleges that he would not have entered the pleas but for defense counsel's erroneous advice.
The trial court did not attach anything that refutes Mr. Regan's allegations. The plea colloquies established little more than that Mr. Regan understood the written plea agreement. Although the written plea agreement recites that Mr. Regan was satisfied with the performance of defense counsel when he signed the agreement, the motion alleges that he was not then aware his sentences would run consecutively. Cf. Alford v. State, 704 So.2d 560 (Fla. 1st DCA 1997). Nothing in the record refutes Mr. Regan's allegation that, based on his counsel's advice, he had a mistaken belief that all of his sentences would run concurrently. See Smith, 718 So.2d at 225; Gessner v. State, 691 So.2d 48, 49 (Fla. 1st DCA 1997); Jackson v. State, 442 So.2d 1070, 1070 (Fla. 3d DCA 1983).
The statement in the written plea agreement that "no threats or promises have been made to cause [Mr. Regan] to enter this plea," does not conclusively refute his claim that his attorney misadvised him that his sentences would run concurrently rather than consecutively. See Davis v. State, 697 So.2d 957 (Fla. 2d DCA 1997).
Shortly after the issuance of Hoch [v. State, 679 So.2d 847 (Fla. 2d DCA 1996)], the Florida Supreme Court resolved a conflict between districts by holding that a general question about promises or inducements that does not specifically address the amount of time the defendant has been told he will serve does not conclusively refute a claim of ineffectiveness of counsel and defeat a claim that the plea was involuntary and thus subject to vacation. See State v. Leroux, 689 So.2d 235 (Fla. 199[6]). Leroux, as did Hoch, involved allegations that counsel made representations concerning the portion of the sentence that the client should expect to actually serve. Davis's claim does not involve prospects of gain time or early release, but instead is grounded on misadvice that the sentence accepted would run concurrently with another sentence. We believe the principles of Leroux and Hoch should apply equally under these facts; both involve alleged misrepresentations about the amount of time a client will actually serve on a particular sentence that is the subject of a plea offer.
Davis, 697 So.2d at 959; see also Middleton v. State, 603 So.2d 46, 47-48 (Fla. 1st DCA 1992). Nothing else of record refutes the claim that Mr. Regan entered his plea because he relied on defense counsel's erroneous advice that all of his sentences would run concurrently. We therefore remand for the trial court to attach additional portions of the record conclusively refuting Mr. Regan's claim or to hold an evidentiary hearing.
ERVIN, BOOTH, and BENTON, JJ., CONCUR.