COPE, J.
(concurring in part and dissenting in part).
On point two of the motion for postcon-viction relief, the denial order should be reversed and the cause remanded for a hearing under State v. Leroux, 689 So.2d 235 (Fla.1996).
Defendant-appellant Julio Angel Rondon entered a guilty plea in case number 96-14410, as well as violation of probation charges in three other cases.*
With respect to the 1996 case, the motion for postconviction relief asserts:
On May 27, 1997, which was the date the defendant entered his plea of guilty, trial counsel informed the defendant the state’s attorney’s office was offering a plea bargain of fifteen (15) years minimum mandatory as a habitual violent *1224 felony offender. Upon counsel advising defendant of the plea offer, defendant inquired his attorney as to how much time would he be required to serve on said sentence. Counsel then informed defendant he would have to serve at least eighty-five (85) percent of his sentence which would be about twelve (12) years. Consequently, upon defendant’s arrival in prison, he was informed by the prison officials that his fifteen (15) year minimum mandatory sentence is in fact a fifteen (15) calendar year sentence.
Therefore, had counsel not misrepresented the actual length of time the defendant was required to serve, pursuant to his current sentence, he would not have entered his plea of guilty but would have elected to proceed to trial, which in essence has caused defendant to enter his plea involuntarily.
Motion at 10.
During the plea colloquy, the trial court stated, “In other words, you get a lot of extra gain time from your old cases. You get gain time in the new [1996] case from May 8th of ’96 only.” Plea colloquy at 5 (emphasis added).
The State says that the trial court misspoke during the plea colloquy, and that the court meant to say “credit for time served” instead of “gain time.” The State also points out that in the oral pronouncement of sentence at the conclusion of the. plea colloquy, the court ordered that the defendant would receive credit for time served since May 8 of 1996, and that this reference was sufficient to retract the court’s earlier statement about gain time.
Under this court’s standard of review, “Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.” Fla. R.App. P. 9.140(f). Here, the defendant has filed a sworn motion stating that his trial counsel advised him that he would receive gain time on his mandatory minimum sentence and that he would serve about twelve years of the fifteen-year mandatory minimum. The trial court inadvertently aggravated the problem by stating that the defendant would, in fact, earn gain time on that case.
An evidentiary hearing is required pursuant to Leroux. As this court has said, “When the Leroux decision is read in full, it hinges on the fact that ‘Rule 3.850 explicitly requires that the record “conclusively” rebut an otherwise cognizable claim if it is to be denied without a hearing.’ ” Rensoli v. State, 718 So.2d 1278, 1279 (Fla. 3d DCA 1998) (quoting Leroux); see also Simeton v. State, 734 So.2d 446, 24 Fla. L. Weekly D1113 (Fla. 4th DCA 1999); Siebert v. State, 730 So.2d 852, 24 Fla. L. Weekly D1033 (Fla. 3d DCA 1999); Regan v. State, 730 So.2d 828, 24 Fla. L. Weekly D978 (Fla. 1st DCA 1999); Smith v. State, 718 So.2d 223 (Fla. 1st DCA 1998); Davis v. State, 697 So.2d 957 (Fla. 2d DCA 1997).
This claim relates only to the defendant’s plea in the 1996 case, and does not afford a basis for disturbing the defendant’s plea and sentences in the three revocation of probation cases.
I concur with the majority in the denial of relief on the defendant’s remaining 3.850 claims.

 Circuit court case numbers 91-33967, 92-39426, and 92-39427.