PER CURIAM.
Robert Henry Johnson appeals the denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court correctly denied two of his claims summarily. However, we conclude that an evidentiary hearing is required with regard to Johnson’s first claim.
Johnson alleges that defense counsel misled him as to the amount of gain time he would receive during the state prison portion of his sentence and represented that he would serve no more than 60% of his seventeen year term or ten to twelve years maximum. Johnson further asserts that if he had not been misinformed regarding the gain time he would receive and the percentage of his sentence that he would actually be required to serve, he would not have entered a plea.
“Misrepresentations by counsel as to the length of a sentence or eligibility for gain time can be the basis for post-conviction relief in the form of leave to withdraw a guilty plea.” State v. Leroux, 689 So.2d 235, 236 (Fla.1996). During Johnson’s plea colloquy, the trial court asked him if “anyone made [him] any promises concerning this plea, other than what [they] talked about on the record.” Johnson replied that they had not. The trial court concluded that this answer was sufficient to conclusively refute Johnson’s claim. This rationale was rejected by the Florida Supreme Court in Leroux, which held that a defendant’s negative response to a general question regarding whether anything was promised to the defendant to induce a plea does not conclusively refute a claim based upon counsel’s erroneous advice. See Leroux; Davis v. State, 697 So.2d 957 (Fla. 2d DCA 1997); Hoch v. State, 679 So.2d 847 (Fla. 2d DCA 1996).
Affirmed in part, reversed in part and remanded for an evidentiary hearing consistent with this opinion.