PER CURIAM.
Kenneth Riley appeals the summary denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. For the following reasons, we reverse and remand for proceedings consistent with this opinion.
Appellant committed several burglaries involving grand theft. He pled nolo con-tendere and was sentenced to 252 months with the understanding that he would be recommended for boot camp. At sentencing, his counsel commented that they were hopeful appellant would be assigned to boot camp, successfully complete it, and then be placed on probation. The trial court made sure appellant understood that, although boot camp would be recommended, the ultimate determination on participation in boot camp would be made by the Department of Corrections (DOC). It is appellant’s contention that the trial court, appellant’s counsel, and appellant were unaware of the language in section 958.11(4), Florida Statutes (1997), which allows treatment as a youthful offender to those “whose total length of sentence does not exceed 10 years.”
Upon arriving at prison and learning that he was not eligible for a youthful offender boot camp because his sentence exceeded 10 years, appellant filed the present motion for post-conviction relief challenging the voluntariness of his plea. The trial court denied appellant’s motion attaching a transcript of appellant’s plea/sentencing hearing and the sentencing papers of another defendant, Sammy Jason Aquirre. The trial court stated that appellant had been informed DOC controlled his entry into boot camp, and appellant understood he might not be admitted to boot camp. Further, the trial court stated that although appellant “was not eligible for boot camp under section 958.04, the court still recommended that he be screened for adult boot' camp.”
In his motion for rehearing, appellant states that the trial court misapprehended the basis of his motion in that “he based his decision to plea [sic] on the promise that he would receive a sentence that is boot camp eligible, not that boot camp was assured, only that he would be eligible for consideration and a possibility that he would be selected to attend.”
Where a defendant bargains for a sentence which is impossible to be carried out, he should be given an opportunity to -withdraw his plea. Obaya v. State, 723 So.2d 924 (Fla. 3d DCA 1999); see also Mason v. State, 742 So.2d 370 (Fla. 1st DCA 1999)(misadvice of counsel can constitute a basis for post-conviction relief). The transcript of the plea/sentencing hearing, rather than refuting appellant’s claim *150 that he was promised a boot camp eligible sentence, actually confirms it. Moreover, the sentencing papers of another defendant, Sammy Jason Aquirre, in which that defendant was given a sentence containing a recommendation for screening to adult boot camp does not negate appellant’s claim.
Because the portions of the record attached to the trial court’s order do not conclusively establish that appellant is not entitled to relief, the cause is remanded to the trial court. On remand, should the trial court again conclude that appellant is not entitled to relief, it shall attach to its order portions of the record which conclusively support denial of relief. Otherwise, an evidentiary hearing is required.
REVERSED and REMANDED.
JOANOS, LAWRENCE and VAN NORTWICK, JJ., CONCUR.