PER CURIAM.
In September, 1998, appellant entered pleas to robbery with a deadly weapon and possession of a firearm by a convicted felon. He committed the crimes while on controlled release associated with a 1993 offense.
Appellant alleges in his motion for post-conviction relief that his counsel misad-vised him concerning the impact of the controlled release violation and led him to believe that he would servé his sentence in this case concurrently with whatever sentence he received for violating his controlled release.
We reverse and remand for an eviden-tiary hearing or for the trial court to attach to an order portions of the record conclusively refuting appellant’s post-conviction relief claim. See Regan v. State, 730 So.2d 828 (Fla. 1st DCA 1999); Smith v. State, 718 So.2d 223 (Fla. 1st DCA 1998); Hightower v. State, 650 So.2d 1086 (Fla. 1st DCA 1995). We note that the court’s inquiry at the plea conference concerning the length of time appellant would serve “on the disposition of [his] case” was *766 not so inconsistent with appellant’s claim that it conclusively rebuts the claim as is required by State v. Leroux, 689 So.2d 235, 237 (Fla.1996), to dispense with a hearing.
STEVENSON, GROSS and TAYLOR, JJ., concur.