PER CURIAM.
We have for review Williams v. State, 740 So.2d 8 (Fla. 2d DCA 1999), in which the Second District Court of Appeal followed its prior decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), in holding that chapter 95-182, Laws of Florida, is unconstitutional as violative of the single subject rule contained in article III, section 6 of the Florida Constitution. We have jurisdiction. See Art. V, § 3(b)(1), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as violative of the single subject rule, we affirm the decision below reversing Williams’ violent career criminal sentence and remand this cause for resentencing in accordance with the valid laws in effect on November 27, 1996, the date on which Williams committed the underlying offense in this case.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Based on our decision in Salters v. State, 758 So.2d 667 (Fla.2000), we determine that Williams has standing to challenge chapter 95-182, Laws of Florida, on single subject rule grounds. Further, even though Williams failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed in this case for the first time on appeal. Cf. Heggs v. State, 759 So.2d 620, 623, 624 n. 4 (Fla.2000); Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, - U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993). Finally, we reverse the decision below to the limited extent that it remanded this cause for resentencing in accordance with the valid laws in effect at the time that Williams was sentenced.