PER CURIAM.

CONFESSION OF ERROR

Appellant, Callvester Smith, appeals the denial of his Motion for Post-Conviction Relief pursuant to Florida Rules of Criminal Procedure 3.850. Appellant alleges that he received ineffective assistance of trial counsel where counsel affirmatively misled him as to whether his sentences would run concurrent to his violation of conditional release. He contends that he is entitled to post conviction relief because he entered a plea to two cases upon the understanding that he would serve the sentences to both concurrently with his conditional release violation. Although the written sentencing order of the plea indicates that the sentences for the two cases were to run concurrently, there was no mention at the plea hearing or in the written sentencing documents about the appellant’s violation of conditional release. As a result of the trial court’s silence on the issue of whether the appellant’s sentences were to run concurrent or consecutive to his violation of conditional release, the Department of Corrections deemed the sentences to run consecutive pursuant to section 921.16(1), Fla. Stat. (1995). See also Brace v. State, 679 So.2d 45 (Fla. 3d-DCA 1996).
Where, as here, the record of the plea hearing and the sentencing order are silent as to whether the appellant’s sentences are to run concurrent or consecutive to his violation of conditional release, the State correctly concedes that this case must be remanded back to the trial court for an evidentiary hearing on this issue. See Carter v. State, 752 So.2d 725 (Fla. 3d DCA 2000); Regan v. State, 730 So.2d 828 (Fla. 1st DCA 1999). Accordingly, we remand this cause for an evidentiary determination of whether the appellant was advised by his counsel that his sentence, imposed pursuant to his plea, would run concurrent with his conditional release violation.