PER CURIAM.
Appellant seeks review of the summary denial of a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the summary denial of appellant’s claim that his admission to an affidavit alleging a violation of probation was involuntary. We affirm without discussion the summary denial of appellant’s second claim.
In his motion, appellant alleged that he was on probation for an offense committed in January of 1997, before the effective date of the Criminal Punishment Code. He further alleged that, when he admitted violating probation in 2006 in exchange for a sentence of ten years’ imprisonment, his attorney erroneously told him he was subject to the Criminal Punishment Code and, therefore, a maximum of 15 years’ imprisonment, rather than the 1995 sentencing guidelines, pursuant to which his maximum sentence (absent a departure) would be much less. These allegations were facially sufficient.
In Hickey v. State, 740 So.2d 8 (Fla. 1st DCA 1999), the defendant alleged that his plea to an upward departure sentence had been involuntary where neither his attorney nor the trial court informed him that he was agreeing to an upward departure *1081 sentence and that such agreement would provide the basis to impose the departure sentence. We concluded that the claim was facially sufficient, and reversed and remanded for the trial court to either attach records conclusively disproving the claim or conduct an evidentiary hearing. In this case, the trial court attached the plea colloquy, which indicated that appellant wanted to enter a plea, that he understood that he would be receiving a ten-year sentence and that he was happy with his attorney’s performance. However, the attachments do not indicate that appellant was aware the sentence he was agreeing to was an upward departure sentence, or that the agreement into which he was entering would provide a basis for the upward departure sentence. Thus, as in Hickey, we are constrained to reverse and remand with directions that the trial court either attach additional portions of the record conclusively disproving appellant’s claim that he was not advised that he was pleading to a departure sentence or conduct an evidentiary hearing on that claim.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WOLF, KAHN, and WEBSTER, JJ., concur.